# CHARLESTON.

## KOONCE *v.* DOOLITTLE, *Judge.*

### Decided December 21, 1900.

1. ADJUDICATIONS OF FACTS—*Syllabus.*
    The adjudications of facts by this Court are not required to be made points in the syllabus. (p. 593).

2. QUESTIONS OF FACT—*Res Judicata.*
    Questions of fact adjudicated in the opinions of the judges of this Court, when necessary to the determination of the case, are *res adjudicata,* and not open for review and readjudication

by the circuit court during the further progress of the litigation, although such circuit court may deem such adjudication erroneous, and not final.  (p. 594).

3.  Mandamus—*Mandate of this Court.*
    *Mandamus* is the proper remedy to compel the circuit judge or court to comply with the mandate of this Court.  (p. 595).

Application of Samuel C. Koonce for writ of *mandamus* to Judge E. S. Doolittle.

*Writ Granted*

W. P. Hubbard, for petitioner..

Simms & Enslow, for respondent.

Dent, Judge:

On application of Samuel C. Koonce for a writ of peremptory *mandamus* to compel Judge E. S. Doolittle, of the circuit court of Cabell County to obey the mandate of this Court in the case of W. E. Schmertz *et al.* against Black & Hammond *et al.,* the honorable judge answers that he has in no wise disobeyed the command of this Court, but has in all respects strictly obeyed the same, that the matter complained of in the petition for *mandamus* was a matter left open to his discretion by the mandate, opinion and syllabus of this Court.  This raises an issue that can alone be determined by an inspection of the opinion of the Court.  Turning to the opinion found in the cited case in 35 S. E. 953, we find the matter in controversy stated as follows, to-wit:  "It is contended by appellants that they are at least entitled to a decree for a lien on the lands for the amount of the purchase money paid by S. C. Koonce under the deed of trust, with interest."  The opinion then proceeds to consider this claim and the law governing the same, and then adjudicates that "The sum of three thousand two hundred and fifty-four dollars and nineteen cents, the amount paid from his own funds by S. C. Koonce to Vinson for the purchase and assignment thereof, with interest from November 8, 1877, the date of the assignment, is the first lien upon the property and in favor of the assignee of Vinson."  The decree finally closes:  "For the reasons herein stated, the decree will be reversed and the cause remanded for further proceedings to be had herein.  One of the reasons for reversal clearly being because the Court had denied to Samuel C. Koonce his proper

priority as to his debt before stated. This is an adjudication of a fact which forever puts such fact beyond the pale of further litigation either in the circuit court or this Court. The honorable judge insists that this part of the opinion not having by the syllabus been made one of the points adjudicated that it was therefore purposely left open for further-consideration and adjudication. This, however, does not follow. The syllabus is never made up of finding of facts, but is limited to points of law determined. Sometimes the finding of facts are referred to for the purpose of explaining the point of law adjudicated, but only for such purpose. The opinion and not the syllabus shows the finding of facts necessary to the adjudication for the information of the circuit court and this Court only makes the more important points of law a part of the syllabus for the general information of the legal profession and public, and not for the government of the circuit court in the further progress of the case. The opinion furnishes it the rule for its further action, if it be doubtful, and the syllabus does not clear away the doubt, he is justified in independent action, otherwise it must be obeyed although the honorable judge may think the judge of this Court who rendered the opinion has reached a conclusion at variance with his "lucid statement of the evidence and facts found." Conclusions are what this Court aims to reach, and by which the circuit court is to be concluded, although from the same facts and evidence it might have reached a different or opposite conclusion, and it may be right and this Court may be wrong. Otherwise the order of appeals would be reversed or continued in an endless circle, to the great injury and detriment of litigants and litigation. The errors of this Court in absence of a Federal question are beyond the pale of correction by any human tribunal, as the title of this Court indicates, being the Supreme Court of Appeals. The word "Supreme" meaning highest in the sense of final or last resort. Here all litigation must end, and when this Court has once finally determined a question it has no power to reopen it. Its powers are exhausted, and its adjudication, however erroneous, must stand, and be carried into effect by the circuit court, *Haymond* v. *Camden,* decided at this term, although no point is made in the syllabus because of former numerous decisions. *Wick & Co* v. *Dawson,* decided at this term; *Rogers* v. *Rogers,* 37 W. Va. 407; *Seabright* v. *Seabright* 33 W. Va. 152; *Sayres'*

*Admr.* v. *Harpold,* 33 W. Va. 553; *McCoy* v. *McCoy,* 29 W. Va. 794; *Tracey* v. *Shumate,* 22 W. Va. 475; *Carrothers* v. *Sargeant,* 20 W. Va. 351; *Swinburne* v. *Dryden,* 15 W. Va. 483; *Henry* v. *Davis,* 13 W. Va. 230; *Newman* v. *Mollohan,* 10 W. Va. 488; *Western Co.* v. *Va. C. C. Co.,* 10 W. Va. 250. The conclusion being reached that the matter in controversy as shown by the petition and answer is *res adjudicata* and the circuit court was without authority to readjudicate it, a *mandamus* follows as a matter of course to compel the circuit court to annul its own adjudication, and carry out the mandate of this Court as it is written. 13 Am. & En. En. Br. 592; Wood on Mand., 64; Topping on Mand., 66; Merrill on Mand., 234; *Miller* v. *Tuck Co. Co.,* 34 W. Va. 285; *Summers* v. *Monroe Co.,* 43 W. Va. 207; *Marcum* v. *Ballot Comrs.,* 42 W. Va. 263; *State* v. *Morrell,* 53 P. R. (Utah) 610; *Fort Worth* v. *Hunter,* 152 U. S. 512; *Gaines* v. *Rugg,* 148 U. S. 228.

A peremptory *mandamus* is therefore awarded as prayed.

*Writ Granted.*