# CHARLESTON.

BUTLER v. THOMPSON.

Submitted September 9, 1902.　Decided December 20, 1902.

1. DECREE—*New Trial—Reversal—Opinion.*
　　Where the court reverses a decree upon the merits and remands the cause to the circuit court "for further proceedings therein to be had according to the rules and principles stated in the written opinion" filed in the cause, the findings of fact set forth in the opinion are binding upon the court below, and that court cannot permit new pleadings and further evidence to be filed, touching any matter involved in the decision of the appellate court, but must enter a decree in accordance with the opinion. (p. 313).

2. APPELLATE COURT—*Decisions—Appeal.*
　　If, in such case, the court below allows the cause to be reopened by new pleadings and evidence, and pronounces a decree contrary to the decision of the appellate court, the party

aggrieved thereby may appeal from the decree and have the same set aside and, on the second appeal, a mandate will go to the court below to enter a decree in conformity with the decision on the first appeal. (p. 315).

Appeal from Circuit Court, Tucker County.

Bill by I. P. Butler against J. F. Thompson and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

CUNNINGHAM & STALLINGS, for appellant.

W. B. MAXWELL and C. O. STRIEBY, for appellees.

POFFENBARGER, JUDGE:

This is a second appeal in the chancery cause of *Butler* v. *Thompson,* commenced in 1892, and, as decided by this Court, reported in 45 W. Va. 660, where a full statement of the matters involved and proceedings had may be seen. The suit was brought for the purpose of setting aside conveyances of real and personal property, as having been made by Thompson with intent to hinder, delay and defraud his creditors, and especially the plaintiff, I. P. Butler, who, at the time of the institution of said chancery cause, had a judgment against Thompson for four hundred and ten dollars and sixty cents. J. F. Thompson, the debtor, and F. E. Thompson, the alleged purchaser of the property in controversy, filed their answers to the bill, and depositions were taken and filed on their behalf. On the hearing upon the merits, the circuit court dismissed the bill. On appeal, this Court reversed the decree of the circuit court, dismissing the bill, and remanded the cause "for further proceedings therein to be had, according to the rules and principles stated in the written opinion aforesaid, and further, according to the rules and principles governing courts of equity." After the cause went back to the circuit court, the defendant, J. F. Thompson, was permitted to file an amended answer and depositions in his behalf, after which another decree was entered by the circuit court, again dismissing the bill.

The former decision of this Court was clearly an adjudication upon the merits in favor of the plaintiff and it could not be reheard, or, in any way, altered by the circuit court. It was

an adjudication upon the facts as well as upon the pleadings, and, therefore, covered the entire controversy. ·Instead of accepting it as final and unalterable, as it was bound in law to do, the circuit court permitted the whole matter to be reopened, and additional pleadings and evidence to be filed, and entered a decree in exact conformity with its former decree which this Court had reversed and set aside. The very core of the controversy in this Court on the former appeal was the question, whether the deed made by Thompson was invalid, as having been made to defraud his creditors. It was really the ·only question decided by this Court, although the decree entered here did not say so in express terms. It set aside, reversed and annulled the decree of the circuit court and remanded the cause, without, in express terms, setting the deed aside. Evidently, the court below has proceeded upon the erroneous view that, as this Court did not expressly decree the deed to be fraudulent, set it aside and charge the plaintiff's debt upon the property, there was no adjudication as to those matters by this Court, and they were left open for adjudication by the circuit court. As the validity of the deed was the only real question presented and the decree of the circuit court was reversed, this Court must necessarily have reversed the finding of the court below on that question, and decided against the validity of the deed. If this Court had held the deed good, there could have been no reversal.

The principle governing the case is announced in *Koonce* v. *Doolittle,* 48 W. Va. 592, decided long after the decree here complained of was entered, and holding that questions of fact determined in the opinions filed by the judges of this Court, when necessary to the decision of cases, are *res adjudicata* and not open for review and readjudication by the circuit court in the further progress of litigation. The correctness of this decision is beyond question. The principle is as old as the law and rests not only upon reasons of sound public policy, demanding a cessation of a controversy at the end of one full and fair trial, but upon principles of logic as well. · Whether the final decision of the court of last resort is right or wrong, it is unalterable and must stand. "If an appellate court has ever so erroneously decided that it has jurisdiction of a cause and then proceeds to determine it on its merits, the parties to the cause are bound as *res adjudicata* by the decision of the court, that it

has jurisdiction as well as by the decision of the court on its merits." Herman Est., 119, 120. "A case finally decided in the Supreme Court of Appeals, has become *res adjudicata* and is no longer a subject of review in that court." *Camden v. Werninger*, 7 W. Va. 528. "The decree of the Supreme Court of Appeals upon a question, decided by the court below, is final, and irreversible; and upon a second appeal in the cause, the question, decided upon the first appeal, cannot be reviewed." *Henry* v. *Davis*, 13 W. Va. 230. "A fact, which has been directly tried and decided in a court of competent jurisdiction, cannot be controverted again between the same parties, in the same or any other court." *Id. Campbell* v. *Campbell*, 22 Grat. 649; *Bank* v. *Craig*, 6 Leigh 399; *Hungerford* v. *Cushing*, 8 Wis. 324; *Matthews* v. *Sands*, 29 Ala. 136; *Miller* v. *Jones*, 29 Ala. 174; *Bradford* v. *Patterson*, 1 & 2 Marshall (Ky.) 346.

It is obvious that there is a distinction between decisions that are interlocutory and decisions upon the merits. Only that which has been adjudicated is concluded. Hence, if the only question presented is that of the sufficiency of a declaration, plea, bill, or answer, the court below holding it insufficient and this Court reversing and holding it good, there is no adjudication of questions of fact, ordinarily, because they are not raised nor in condition for determination. But it is well settled that where the facts and their legal effect are determined by the appellate court, by a mere reversal of the decree of the court below, nothing can be done in that court other than the entering up of a decree in accordance with the opinion of the appellate court filed in the cause. 3 Cyc. 486, *n* 5; *Chicago* v. *Gregsten*, 157 Ill. 160; *Lynn* v. *Lynn*, 160 Ill. 307; *Smith* v. *Coleman*, 59 Ala. 260; *Soule* v. *Dawes*, 14 Cal. 248; *Whitney* v. *Traynor*, 76 Wis. 628; *Investment Co.* v. *Building Association*, 51 Minn. 198; *Washington* v. *Superior Court*, 7 Wash. St. 234; *Ex parte Story*, 12 Peters, 339; *Skillern's Exrs.* v. *May's Exrs.* 6 Cranch 267. Most of these cases expressly hold that when there is a reversal of a decree on the merits, and the cause is remanded for further proceedings in conformity with the opinion, there can be no departure by the court below from the findings of the appellate court on questions of fact, and the lower court must be guided by the opinion delivered by the appellate court.

But if we had no precedents directly in point, general prin-

ciples announced by the courts amply sustain the position taken by this Court in *Koonce* v. *Doolittle*. "When a supreme court have executed their power in a case before them, and their final decree or judgment requires some further act to be done, it cannot issue an execution, but will send a special mandate to the court below to award it. Whatever was before the court and is disposed of, is considered finally settled. The inferior court is bound by the decree, as the law of the case; and must carry it into execution according to the mandate; they can examine it for no other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal, for error apparent; or intermeddle with it further than to settle so much as has been remanded. After a mandate, no rehearing will be granted: and on a subsequent appeal, nothing is brought up but the proceeding subsequent to the mandate." *Sibbald* v. *United States,* 12 Peters 448; *Himely* v. *Rose,* 5 Cranch 313; *The Santa Maria,* 10 Wheat. 431, 442; *Mackall* v. *Richard,* 116 U. S. 45; *Henry* v. *Davis,* 13 W. Va. 230, 252.

In the effort to sustain the action of the circuit court in readjudicating the cause, counsel for appellees rely upon *Darby* v. *Henderson,* 3 Munf. 115, holding that an appellate court ought not to reverse a judgment without proceeding to give such judgment as the inferior court should have given; and *Mantz* v. *Hendley,* 2 Hen. & Munf. 308, holding that a district court ought not merely to reverse the judgment of a county court in general terms, but should proceed to render such judgment as the county court ought to have rendered. *Webb* v. *McNeill,* 3 Munf. 184, holding that an order of a superior court merely reversing a judgment of a county court on a summary motion, without the entering of a judgment that the plaintiff take nothing by his motion, is not a bar to another motion for the same cause of action, is also relied upon. It is to be observed that all these judgments of reversal were rendered by intermediate courts on appellate proceedings, in which no written opinions were required to be filed, and that none of the cases were remanded to the lower courts from which they had come into the appellate courts; and further, that these intermediate courts probably had no power to remand to the lower courts for further proceedings, they being courts provided with juries

and able to proceed to final determination. Code of 1819, chapter 69, sections 12 and 60. Whether they had power to remand or not is immaterial for it appears that they did not either remand or enter such judgment as the courts below should have rendered, leaving the whole matter still pending, undetermined and without adjudication. Here, the decision was by the court of last resort and on the merits, and the cause was remanded for a decree by the lower court in conformity with the decision. It was not left open and undetermined as in the cases cited. Thus, it is seen that these cases neither support the contention of counsel for appellees nor conflict with the decisions of this Court.

Finally, it is said that, if the lower court was without jurisdiction to readjudicate this cause, the decree appealed from is void, and from such a decree no appeal lies, because this Court, in *Koonce* v. *Doolittle,* has determined that *mandamus* is the proper remedy in such case. An appeal does lie from a void decree. *McCoy* v. *Allen,* 16 W. Va. 734; *Cook* v. *Dorsey,* 38 W. Va. 196; 2 Cyc. 590. A void decree could be vacated by the lower court on motion at any time. Black on Judg., ss. 297, 307. Although there are at least two modes of proceeding to set aside a void decree, and *mandamus* is an extraordinary legal remedy which, ordinarily, can be had only when there is no other remedy, our holding that an appeal is the proper remedy in a case like this, is not inconsistent with the decision in *Koonce* v. *Doolittle* on the question of remedy, even if the decree be void. Here, there are two matters involved. The court below has refused to comply with the mandate of this Court. To compel it to do so, *mandamus* is a proper remedy. The other matter is the entry of an erroneous or void decree against the appellant. For the correction of that an appeal is the usual remedy. Both of these matters stood on the record in *Koonce* v. *Doolittle,* and a peremptory *mandamus* went to the lower court, commanding it to enter a decree in conformity with the decision of this Court, and, incidentally, to correct its own error. Here, the direct and primary purpose of the proceeding is to set aside the decree entered rather than to compel the court below to enter a proper decree. But, as the appeal gives the court jurisdiction for one purpose, it may go on and do final and complete justice, as to all matters passed upon

by the circuit court, by now ordering such decree to be entered. *Whitney* v. *Traynor,* 76 Wis. 628. An appellate court has jurisdiction to reverse a decree for want of jurisdiction in the lower court. *Freer* v. *Davis,* decided at this term.

As the decree is clearly wrong, it must be reversed, and set aside, and the cause must be remanded to the circuit court with directions to enter a decree setting aside the deed made by J. F. Thompson to F. E. Thompson, as to the lot in the town of Davis, known as Lot No. 305, and the personal property conveyed by said deed, as to the plaintiff's debt, and subjecting the said property to the payment thereof, and for further proceedings in conformity with the opinion delivered by this Court on the former appeal, and according to the rules and principles governing courts of equity.

*Reversed.*