# CHARLESTON.

## COLLINS & DAUGHERTY v. SHERWOOD.

Submitted January 23, 1903.  Decided April 25, 1903.

1. DECREE—*Bill*—*Res judicata.*

When a decree of the court below, granting the plaintiff the relief prayed for in his bill and dismissing the answer of the defendant setting up new matter constituting a claim for affirmative relief, upon a full hearing upon all matters of law and fact in controversy between the parties and, on appeal, that decree is reversed, upon the ground that the defendant is entitled to the relief asked, and the plaintiff is not, clearly stated in the opinion, and the cause is remanded for further proceedings according to the principles announced in the opinion, the decision of the appellate court is *res judicata* of all issues passed upon and settled in the opinion.  (p. 237).

Appeal from Circuit Court, Ritchie County.

Bill by Collins & Daugherty against W. H. Sherwood and others.  Decree for defendants, and plaintiffs appeal.

*Affirmed.*

DAVIS & SON, for appellants.

MERRICK & SMITH, for appellees.

POFFENBARGER, JUDGE:

A third time this cause is here on appeal.  On final hearing, July 3, 1900, upon the bill and exhibits, answer, general replication, order of reference, orders and decrees theretofore entered, commissioner's report, "proof and depositions taken and returned therewith," exceptions to the report, stipulations entered into and filed, amended answer in the nature of a cross bill, exceptions thereto, and special reply thereto in writing, a decree was pronounced, granting the plaintiffs the relief prayed for in their bill and dismissing the answer praying affirmative relief.

From that decree an appeal was taken, and this Court reversed it, holding expressly that the plaintiffs were not entitled to the relief asked for and granted to them, and that the defendant was entitled to the relief prayed for in his answer, and

remanding the cause to the circuit court for further proceedings in accordance with the principles announced in the opinion, but not expressly decreeing as aforesaid. See *Collins and Daugherty* v. *Sherwood,* 50 W. Va. 133. When the cause went back to the circuit court such a decree was entered, upon all the papers and proceedings hereinbefore mentioned, overruling the exceptions of the complainants to the amended answer, sustaining defendant's exceptions to the commissioner's report, giving the tract of land, in which the plaintiffs claimed an interest, to the defendant in its entirety, and perpetuating the injunction against the plaintiffs. From this decree, Collins and Daugherty appeal, contending that the answer containing new matter constituting the claim for affirmative relief should have been formally reinstated, and leave granted them to refile their special reply, or another one and contest the whole case over again..

The decree of July 3, 1900, was a final decree on the merits, covering every issue of law and fact in the controversy, except the mere matter of the execution of a partition to which the plaintiffs were held, by that decree, to be entitled. The appeal therefore brought up all those issues, and they were fully and completely covered, disposed of and settled in the opinion filed in the cause on that appeal. Plaintiffs had put in their pleadings and proofs, submitted their cause and obtained a decree in their favor. Upon what principle of law or equity can it be said that the complainants have not had a hearing and adjudication of their cause on its merits? The argument is that the court, on July 3, 1900, only dismissed the cross bill, as upon demurrer, for insufficiency. No such objection was made in the exceptions to it. They were grounded upon the contention that the former answer and the commissioner's report, fully made out the defendant's case, rendering the amended answer unnecessary and useless, and that it was filed too late. Moreover, the court dismissed it, giving in its decree, as the reason therefor, that it was of the opinion "that the defendant, W. H. Sherwood, is not entitled to relief under his amended answer in the nature of a cross bill," thereby expressly negativing the contention that there was no action upon the merits, but only an adjudication upon the exceptions, even if they had been broader than they were.

Every issue of both law and fact in the case was passed upon

and settled by the former decision of this Court, as the opinion, which was binding upon the court below in its further proceedings, clearly shows, and the decree pronounced upon the mandate of this Court is in exact accord therewith, and, being so, it cannot be disturbed. All these matters are *res judicata*. This has been settled by several decisions of this Court. See *Butler* v. *Thompson*, 52 W. Va. 311; *Koonce* v. *Doolittle*, 48 W. Va. 592; *U. S. Blowpipe Co.* v. *Spencer*, 46 W. Va. 690; *Board of Education* v. *Parsons*, 24 W. Va. 551; *Mason* v. *Davis*, 13 W. Va. 230.

Appellants have misconceived the nature and effect of the former decision of this Court. In remanding the cause for further proceedings in accordance with the principles announced in the opinion, which fully covered and disposed of the cause on its merits, it was not expected or intended that there should be a relitigation of the matters so settled, but only that the court below should further proceed by entering a decree in accordance with the decision of this Court, just as the case of *Butler* v. *Thompson* was remanded for the purposes of entry and execution of a formal decree of sale of the property in question.

For the reasons aforesaid, the decree complained of is to be affirmed.

*Affirmed.*