# Richmond.

## VINTON-ROANOKE WATER CO. v. CITY OF ROANOKE.

### January 13, 1910.

### Absent, Buchanan, J.

1. MUNICIPAL CORPORATIONS—*Ordinances—Construction—Free Water—Public Buildings.*—Fish sheds, in existence when a city ordinance was adopted, but not mentioned therein, and which were not connected with the markethouse, and were no part thereof, and were not occupied by the city, but leased to individuals, are not embraced within an ordinance requiring a water company to furnish free water to the public markethouse, courthouse, jail, and other public buildings.

2. MUNICIPAL CORPORATIONS—*Ordinances—Construction—Doubts—Practical Construction.*—Where there is doubt as to the proper construction to be placed upon one clause of an ordinance of a municipality, resort should be had to the whole ordinance, and especially to other clauses of the same section, dealing with the same subject matter, in order to ascertain the meaning of the parties in respect to the subject under consideration. Proper consideration should also be paid to the practical construction put upon the instrument by the parties interested since it has been in operation.

3. MUNICIPAL CORPORATIONS—*City of Roanoke—Ordinances—Construction—Costs of Connecting City Property With Water Mains.*—The ordinances of the city of Roanoke touching free water to be furnished by the plaintiff in error, when read together, clearly show that in every case contemplated by the ordinances the water was to be furnished free of charge by the plaintiff in error, but the city was to pay the necessary costs incident to making connections with the mains of plaintiff in error. When the plaintiff in error had laid its mains along the streets of the city where it could connect and use the water free of charge, its obligation to the city was discharged.

Error to a judgment of the Corporation Court of the city of Roanoke on a proceeding by *mandamus*.    Judgment for the petitioner.    Defendant assigns error.

*Reversed.*

The opinion states the case.

*C. A. McHugh,* for the plaintiff in error.

*C. B. Moomaw,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The Vinton-Roanoke Water Company is a Virginia corporation engaged in the business of supplying water to the city of Roanoke and its inhabitants, under and by virtue of a franchise granted to it by the city for that purpose.  This franchise is in the form of an ordinance of the city council, which grants to the water company certain rights and imposes upon it certain obligations, among others the duty of furnishing to the city water at certain places free of charge.

This proceeding was instituted by the city, asking for a writ of *mandamus* to compel the water company to furnish the necessary water supply for certain fish sheds free of cost, and to a number of fire hydrants at certain points designated by the city. The order appealed from exonerates the water company from all obligation to furnish the fish sheds with water free of charge, but directs a writ to issue compelling the water company to comply with the demands of the city with respect to the fire hydrants.

Cross error is assigned to the ruling of the court, that the water company was under no obligation to furnish the fish sheds with water free of charge.

We are of opinion that this action of the court was plainly right.  It is clear from the record that it was not contemplated by either party that the water company was to furnish water

free of charge to the fish sheds in question.    The second section of the ordinance, clause 1, provides that the city "shall have the use free of charge of necessary water for its public markethouse, the courthouse and jail, and for the necessary supply of all other public buildings of said city, including buildings for fire companies and public school buildings used by the municipal authorities of said city."    The fish sheds were in existence at the time and were not mentioned in the ordinance. They were in no sense public buildings.    They were not connected with, and were no part of, the market house referred to in the ordinance.    These sheds were not occupied by the city, but were used by individuals who rented them from the city.    The record shows that from the time the water company commenced business in 1897 both parties put this construction upon their contract, and in 1904 the city council provided, in its resolution fixing the rate of rental of these sheds, that the renter should pay for the water used, thus recognizing the right of the water company to charge therefor.    This construction of the parties, as already seen, is in accordance with our understanding of their written contract.

The appeal of the Vinton-Roanoke Water Company involves the right of the city of Roanoke to demand that the water company shall furnish the labor, material and apparatus necessary to connect certain fire hydrants, at points designated by the city, with the water company's mains.    The water company does not deny its obligation to permit the city to use its water free of charge for all such fire hydrants, but it assigns as error the action of the Corporation Court of Roanoke in holding that under the terms of its franchise it is required to furnish the necessary apparatus and to connect such fire hydrants with its water mains without being reimbursed by the city for such outlay.

The corporation court rests this conclusion exclusively upon the terms of clause 8 of section 2 of the ordinance, which provides as follows: "The said company shall furnish water free

of charge to fire hydrants in the city at such points as said city may designate, along such streets as said company has caused to be laid its water mains, should said city demand same; provided, however, that said city shall furnish said fire hydrants at its own expense."

It is not clear that the language of this clause justifies the construction placed upon it by the corporation court. The company is only required by it to furnish water free of charge for the hydrants designated by the city at points along its water mains. Nothing is said about connecting the hydrants with the mains, or who was to pay the cost of such connection. Resort must, therefore, be had to the whole ordinance, and especially to other clauses of the same section, dealing with the same subject matter, in order to ascertain the intention of the parties with respect to the subject under consideration. *Chalmers* v. *Funk,* 76 Va., 717; *Postal Tel. Co.* v. *Farmville Ry.,* 96 Va., 661-4-5, 32 S. E. 468.

Section 2 of the ordinance contains three clauses relating to the furnishing of water to the city. Clause 1 provides that the company shall furnish water free of charge to certain public buildings named therein; provided *that the said company shall be put to no expense in constructing and maintaining the pipes, tapping said company's mains, and the plugs necessary for this purpose.*

Clause 4 provides that the company shall furnish free of charge water for the purpose of supplying three troughs for horses and three public drinking fountains, to be placed at such points as may be designated by the council, provided they be so situated as not to necessitate the laying of additional mains, and provided, further, that the city shall furnish at its own expense the watering troughs and drinking fountains, and place the same in position.

Clause 8, which has been already quoted, provides for furnishing water free of charge to fire hydrants.

These provisions, together with other parts of the ordinance

touching the same subject matter, clearly show that it was intended that in every case contemplated by the ordinance the water company should allow the city to use its water free of charge, and that the city should pay the necessary cost incident to connecting itself with the company's water mains. When the company had laid its mains along the streets where the city could connect and use the water free of charge, its obligation to the city was discharged. The record shows that since the contract evidenced by the ordinance was adopted, twelve years ago, the parties have themselves placed this construction upon it, and have acted upon this view of their rights under it. This is material and throws much light on the question at issue, if it is not decisive of it.

We are of opinion that the corporation court erred in issuing a writ of *mandamus* to compel the Vinton-Roanoke Water Company to furnish the necessary apparatus and connect its water mains with the fire hydrants of Roanoke city.

The order complained of must, therefore, be reversed and set aside, and this court will enter such order as the corporation court should have entered, denying the writ of *mandamus,* and dismissing the petition therefor, with costs.

*Reversed.*