# CHARLESTON

THE TOWN OF GASSAWAY v. THE GASSAWAY GAS COMPANY.

Submitted September 29, 1914.   Decided October 6, 1914.

1. CORPORATIONS—*Public Service Corporation—Continuance of Duties.*
   As long as a public service corporation retains a franchise it must fulfill the obligations to the public directly or impliedly arising from the same.   (p. 61).

2. SAME—*Public Service Corporation—Surrender of Franchise.*
   For a public service corporation to surrender a franchise, corporate action on its part in that behalf is necessary.   (p. 61).

Appeal from Circuit Court, Braxton County.

Injunction by the Town of Gassaway against the Gassaway Gas Company.   From a decree for plaintiff, defendant appeals.

*Affirmed.*

*Haymond & Fox,* for appellant.

*Hall Bros.,* for appellee.

ROBINSON, JUDGE:

The Gassaway Gas Company, a public service corporation operating under a franchise granted on the 27th day of March, 1906, by the Town of Gassaway to John C. Wellwood, was engaged in furnishing natural gas for light and fuel to the municipality and its inhabitants.   The ordinance granting the franchise limited the charge for gas to not more than twenty-two cents per thousand feet for domestic use, with a discount of two cents per thousand feet if paid before a stated time.   After operating for several years under the franchise and upon the rate which it fixed, the company, in July, 1911, applied to the common council of the town for a change in the franchise, allowing an increase in the rate.   The application was denied.   Immediately thereafter the company published notice that on the first day of August, 1911, it would "discontinue the supply of natural gas" which it had theretofore supplied and was supplying to the Town of Gassaway and the citizens thereof.   To enjoin the act so threatened, and thus to

prevent irreparable injury from such act, this suit was instituted by the town, on behalf of itself and its people. The injunction asked, was preliminarily awarded. Defendant demurred to the bill and answered the same, but its motion to dissolve the injunction was overruled. The cause proceeded to a final hearing, resulting in a decree perpetuating the injunction. From the decree defendant has appealed.

A public service corporation can not arbitrarily cease to do that which the public is rightly depending on it to do. It can not cease its service merely because the municipality which granted the franchise will not accede to its desire to charge a higher rate. The reason assigned by the defendant company for the threatened act, a failure of the gas supply, is by no means sustained by the record. Defendant has shown nothing which in law or equity would excuse it in summarily ceasing the service. It still retains the franchise. As long as it retains the franchise, as long as the obligations directly or impliedly arising therefrom remain, it must render the service it agreed to render by the application for the franchise and the acceptance of the same. What else can be understood as between the company and the public?

Defendant having totally failed to show anything excusing it from rendering the service, on this appeal takes the stand that it has the right to surrender the franchise at any time, notwithstanding the fifty years tenure thereof. That may be. But certainly that is not what it was proposing to do when it gave notice simply that it would cease to supply gas. The case made and established by plaintiff is not that defendant be enjoined from giving up the franchise and vacating the public service field which it occupies, but that it be enjoined from ceasing service to the public while it holds the franchise and retains the field. Defendant can not rid itself of the injunction simply because it may have the right to surrender the franchise and quit public service thereunder. Perhaps it might have answered in defense of the injunctive process that it had in good faith surrendered the franchise and withdrawn from the public service, if that is the fact. But it made no such case.

True, shortly prior to the final hearing, defendant sought

to file an amended answer setting up that it all along meant to surrender the franchise. Defendant by this answer could not convert its published notice into what that notice was not by plain and reasonable purport. Though in the answer it was proposed to surrender the franchise, yet no corporate act in that direction was shown. The answer, merely in the name of the defendant corporation by its president and its attorney, not even under the seal of the corporation, could not operate as a surrender of the franchise. That such representatives might file an answer for the corporation must be conceded. But that they may surrender a valuable franchise held by the corporation, without showing that by some proper corporate action they were authorized to do so, can not be maintained. The answer. was absolutely void of a showing that the corporation holding the franchise had given back the same to the public.

The injunction was properly perpetuated; the decree will be affirmed.

*Affirmed.*