# CHARLESTON.

STATE *ex rel* W. L. FOSTER *v.* COUNTY COURT OF RALEIGH CO.

Submitted January 29, 1924.  Decided February 12, 1924.

1. MANDAMUS—*Writ Commanding Issuance of Draft Failing to State Amount Fatally Defective.*

Where an alternative writ of mandamus commands a County Court to order and direct a draft to be issued to the relator, payable out of the general fund of the county, or show cause why it should not do so, which fails to state the amount of the draft so commanded to be directed and issued is fatally defective and a motion to quash the same should be sustained. (p. 517).

2. SAME—*Account Referred to in Writ Cannot be Considered on Motion to Quash.*

An account referred to in an alternative writ of mandamus, as part of the petition praying for said writ, is no part of the

writ and cannot be considered upon a motion to quash the same.    (p. 517).

Certified questions from Circuit Court, Raleigh County.

Mandamus by the State on the relation of W. L. Foster against County Court of Raleigh County. A motion to quash an alternative writ was sustained, and questions arising thereon certified to the Supreme Court.

*Affirmed.*

*Ben H. Ashworth* and *David Lilly*, for petitioner.

*C. M. Ward* and *Carl C. Sanders*, for respondent.

McGINNIS, JUDGE:

Upon the petition of W. L. Foster, late Sheriff of Raleigh County, the Judge of the Circuit Court of said county awarded an alternative writ of mandamus directing the County Court of Raleigh County to, "Order and direct that a County Draft be issued payable to the order of said W. L. Foster upon the general county fund for said county for the amount shown upon said account filed with said petition together with interest thereon from the date said amount or the various parts thereof were due until said draft is issued or show cause if any it the said County of Raleigh can, why it should not do so."

This alternative writ shows that on January 1, 1919, to January 1921, the petitioner, W. L. Foster, was high Sheriff of said County and performed the duties of such office during said space of time, and that Ward Cook was his regular appointed deputy and performed the duties of County Jailor, whose duty it was to keep the records of said jail and it was the duty of said Ward Cook to keep, and he did keep, a record of the number of prisoners fed and housed in said jail during each calendar month, and a record of the number kept working on the county roads of said county and the total number of days work performed by said prisoners in each calendar month. That exhibit A, filed with relator's petition, shows the true and correct record of the things required of said jailor as aforesaid. It further shows that:

"Prior to the passage of sec. 45 of ch. 137 of the Code of West Virginia, it was the custom and duty of the Sheriff to certify to the county court of said county the actual cost of the food purchased for the said prisoners, and the said county court thereupon issued a draft upon the general fund of said county for the payment of said costs as certified by said sheriff; that after the passage of said section of the Code, W. L. Foster continued to certify the actual cost of purchasing the food for the prisoners as aforesaid until the said 31st day of December, 1920. That after the said 1st day of *May, 1910,* the County Court of said county continued to issue drafts each month for the payment of the said actual costs of feeding said prisoners as certified by said Sheriff as aforesaid until the 31st day of December, 1920; that the said drafts were issued to W. L. Foster and endorsed and used by him, but that said drafts were not tendered to him by the said County Court nor accepted by him as full satisfaction of the statutory liability for feeding and keeping the county prisoners as set forth in said section 45, ch. 137 of the Code of West Virginia, but on the other hand, W. L. Foster has often hitherto requested the Commissioners of said county court to pay him the statutory amount required by said section of the Code of West Virginia; that the various amounts actually due him as aforesaid are clearly and accurately set forth in said "Exhibit 'A'."

"That on the 1st day of August, 1923, he formally presented to the County Court of said county a statement in full of the amount due to him by virtue of said statute for the keeping of said prisoners as aforesaid, a duly certified copy whereof is filed with said petition and marked for identification, "Exhibit 'A' " and that the said County Court refused payment of said account, all which will more fully appear from a duly certified copy of an order entered by said County Court on said day, a copy whereof is filed with said petition, marked for identification, "Exhibit 'B'," and prayed to be made and taken *a* part of this *petition.*"

The defendant moved the court to quash the writ which motion was sustained and the writ quashed, and the questions arising on said motion to quash said writ are certified to this court for decision.

This motion to quash the writ is equivalent to a demurrer to it.

"To the pleadings in case of Mandamus, the ordinary rules of pleading are applied, neither greater nor less certainty being required in them than in pleadings in ordinary common law suits. But the facts set forth by the plaintiff on the alternative writ of Mandamus are set forth by way of recital and not in the positive manner required in an ordinary declaration in a common law suit." *Fisher* v. *City of Charleston*, 17 W. Va. 595.

The alternative writ is regarded as the plaintiff's declaration. The questions submitted to this court on a motion to quash the writ must be answered by the consideration of the writ independently of the petition. The petition is no part of the writ. The only requirement of the petition is that it must show a *prima facie* case whereby the writ should issue. "It must show upon its face, a clear legal right in the relator to have the performance of the act that seeks to cause performance of and a plain duty to perform it." *State* v. *County Court*, 79 W. Va. 168.

The writ in this case commands the county court of Raleigh County to order and direct that a county draft be issued payable to the order of W. L. Foster, payable out of the general county fund, but it fails to state the amount the said draft should be issued for, except by reference to an account filed with the petition, and made a part thereof, it does not make this account a part of the writ, and if it did so make it a part, it could not be considered on a motion to quash the writ. As stated above, "A motion to quash is equivalent to a demurrer to same," *Fisher* v. *City of Charleston, supra.* "It is well settled that papers attached to or made a part of a declaration or exhibit therewith can not be considered upon a demurrer to the declaration." *Hall* v. *Coal Company,* 89 W. Va. 55.

"In the absence of a statute, the annexing and filing of papers as exhibits to a pleading does not make them part thereof and they can not be referred to for the purpose of supporting the omission of a material allegation or curing

a fatal defect." 8 Ency. Pl. & Pr. 740; *Pingley* v. *Pingley*, 84 W. Va. 433.

Regarding the writ in this case as the declaration of the relator, it does not make a case in which the county court could be required to make a return, or show cause why it should not issue the draft mentioned in the writ. The ruling of the lower court in quashing the writ is affirmed and it will be so certified.

*Affirmed.*