# CHARLESTON.

CITY OF PHILIPPI *v.* TYGARTS VALLEY WATER COMPANY.

(C. C. 359.)

Submitted September 8, 1925.   Decided September 15, 1925.

1.   MANDAMUS—*Fact that Statute or Ordinance Imposing Duty On Quasi-Public Corporation Provides Penalty Does Not Ordinarily Prevent Issuance of Writ of Mandamus.*

   In case of a statute or ordinance imposing a duty on a quasi-public corporation, the fact that a penalty is provided for a violation of the duty is ordinarily held not to preclude the issuance of a writ of mandamus, in an otherwise proper case, to compel the performance of such duty. (p. 479.)

2.  MUNICIPAL CORPORATIONS—*Grant of Power Implies Authority to Exercise It In Any Reasonable Manner.*

    Where a city charter expressly grants a power to the municipality, but does not prescribe the mode of its exercise, the legal intendment of such grant is that the authority conferred by it may be exercised in any reasonable manner most convenient, subject only to the limitation that it must act in good faith, and not arbitrarily or capriciously, the presumption being in favor of the propriety and validity of what the city has done.   (p. 479.)

3.  SAME—*What Will Constitute Reasonable Provision of Administration of Power Granted to City by Charter Depends Upon Facts and Circumstances of Each Particular Case.*

    What will constitute such reasonable provision of administration of the power will depend upon the facts and circumstances of each particular case.   (p. 480.)

4.  CORPORATIONS—*Public Service Corporation Must Fulfill Obligations to Public Directly or Impliedly Arising From Franchise as Long as It Maintains Such Franchise.*

    As long as a public service corporation maintains its franchise it must fulfill its obligations to the public directly or impliedly arising from the same.   (p. 478.)

5.  MANDAMUS—*Relief by Mandamus Will Not Be Superseded by Another Remedy Unless Such Remedy Is Specific and Appropriate, Compelling Performance of Duty in Question.*

    Relief in mandamus will not be superseded by another remedy, unless such remedy be specific and appropriate under the circumstances of the particular case, compelling performance of the duty in question.   (p. 481.)

6.  SAME—*On Amendment to Petition in Mandamus of Matter Material to Issue, After Issuance and Service of Alternative Writ Without Amendment of Writ, Amendatory Matter Can Not Be Considered by Court on Demurrer to Alternative Writ.*

    Where an amendment is made to the petition, in mandamus, of matter material to the issue, by leave of the court, after issuance and service of the alternative writ therein, and said writ is not likewise amended, such amendatory matter can not properly be considered by the court on demurrer to the alternative writ, as it is no part thereof.   (p. 482.)

Questions certified from Circuit Court, Barbour County.

Proceeding by the City of Philippi for mandamus to be directed to the Tygarts Valley Water Company. After overruling a demurrer and motion to quash an amended petition and an alternative writ of mandamus, the trial court certified questions.

*Ruling reversed.*

*D. D. Stemple,* for relator.
*W. T. Ice, Jr.,* for respondent.

WOODS, JUDGE:

The City of Philippi, a municipal corporation, presented its petition to the circuit court of Barbour county, alleging, among other things, that the defendant, The Tygarts Valley Water Company, a public service corporation, authorized to furnish water to the City of Philippi, and to the inhabitants and citizens thereof, as provided in the franchise granted to it by said city, had failed to comply with certain ordinances alleged to have been passed and adopted by the common council of the City of Philippi on the 12th day of August, 1924, in respect to certain improvements and additions required by said ordinances to be made by the respondent, to the water plant and equipment owned by it. The ordinance reads:

> "It being made to appear to the Common Council of the City of Philippi that the water now being furnished for the use of the inhabitants of said City (the same being furnished for compensation and reward) is unsanitary, unhealthy, and has an offensive odor, and the said Council being of opinion that it is necessary to filter said water, and repair the reservoir in order to make the same in a sanitary condition and fit for use, therefore,
> Be it ordained and enacted by the Common Council of the City of Philippi, that:
> 1. For the purpose of purifying and making sanitary and fit for use the water furnished to the inhabitants of the City of Philippi, the Tygarts Valley Water Company shall install and put in operation a good and sufficient filtering plant, within 90 days from the passage of this ordinance.
> 2. The said Tygarts Valley Water Company

shall also, for the further purpose of making said
water sanitary and fit for use, install and place in
the reservoir now in use by said Water Company,
a good and sufficient cement bottom and a cement
wall extending one foot above the surrounding
surface entirely around the same, and also install
and place in use adequate and sufficient drain pipes,
to the end that said reservoir may be properly
cleaned, all of which shall be done within a like
period of ninety days from the passage of this
ordinance.

3. Any person, firm or corporation violating the
two preceding ordinances shall be fined not to ex-
ceed five hundred dollars, and every day after the
expiration of the ninety days mentioned in the
two preceding sections shall constitute a separate
offense.''

The petition prays that the respondent may be required by
a writ of mandamus, to be issued by the court, to comply with
and perform the conditions and requirements of the said ordi-
nances, and that an alternative writ of mandamus
issue requiring the respondent, The Tygarts Valley
Water Company, to show cause why it should not do so. The
alternative writ was issued. The respondent, The Tygarts
Valley Water Company, demurred to the petition and alter-
native writ, and to each paragraph thereof, and moved to
quash the same. The demurrer and motion to quash were
argued by counsel, on the 14th day of February, 1925. The
court sustained the demurrer and motion to quash, as to the
ground that it did not appear from the petition and alterna-
tive writ that the respondent was notified of the enactment of,
and demand made of it to comply with, the ordinances. The
relator asked leave of the court to amend the petition by
adding therein the following:

''And although, on the 13th day of August,
1924, an attested copy of said ordinance adopted
on August 12, 1924, as aforesaid, was served upon
the defendant, The Tygarts Valley Water Com-
pany, by delivering such copy to A. G. Ballard,
President of The Tygarts Valley Water Company,
and the defendant was then and thereby notified
of the enactment of said ordinance and the duties

> and requirements imposed upon it thereby, but defendant, being so notified, did not manifest any desire, intention or inclination to comply therewith.''

Such amendment was made—the order of the court reciting ''and the said petition is so amended''. The respondent, thereupon, renewed its demurrer and motion to quash the petition as amended and the alternative writ, which demurrer and motion to quash the court overruled, and by agreement of parties, the questions arising upon the demurrer and motion to quash were certified to this court, as follows: (1) The petition and alternative writ show that certain ordinances were passed and adopted by the common council of the City of Philippi, and provided for the violation thereof a fine not to exceed five hundred dollars; but said ordinances do not authorize or provide for a proceeding by mandamus to compel compliance with said ordinances. (2) The said petition and alternative writ are not sufficient in law, and do not allege a clear legal right in petitioner to have the relief prayed for therein. (3) It does not appear from said petition and alternative writ that the defendant, The Tygarts Valley Water Company, was notified, and demand made of it, to comply with the said ordinances passed and adopted by the common council of the City of Philippi. (4) The ordinances set out in the petition and alternative writ are unreasonable, and the Act of the Legislature of West Virginia, passed on the 17th day of April, 1923, amending the charter of the City of Philippi, does not authorize the common council of the City of Philippi to require the defendant, The Tygarts Valley Water Company, to do and perform all of the acts and things set out in the ordinances passed and adopted by the common council of the City of Philippi, on the 12th day of August, 1924, as set out in the petition, and alternative writ. (5) The petitioner, the City of Philippi, has another specific and adequate remedy. The Public Service Commission of West Virginia has full power and authority to consider the matters alleged in the petition and alternative writ, and to grant all proper relief in the premises.

Some time. after the public service corporation entered upon its duties under the franchise the charter to said city was amended by an act of the Legislature of West Virginia. By the amendment the common council of the city was given power and authority to pass and enact ordinances, and so much of such amendment (Chap. 71, Acts of 1923) as affects this case, provides:

"The council shall have the right to require of any water company or person furnishing water for the use of the inhabitants of said city, for hire, compensation or reward, to obey any order of the council with respect to keeping the reservoir or other source from which said water is furnished, free from filth and in a good, clean condition, and may require said water company to properly filter the water distributed for use, and may require said company to put in such lines as may be necessary . to pump the said water into the reservoir or other receptacle therefor, without pumping the same into the main distributing lines, or in any other way or manner affecting them; and may fix fines and penalties for any failure on the part of any corporation, company or other person distributing water, to obey any order of the council or any authorized officer of the town, respecting the same, or any ordinance that may be enacted by the council relative thereto."

Thus it will be seen that the city was acting within its authority when the ordinance hereinbefore set out was enacted. The powers granted are broad and ample, the object being to secure pure water, free from infectious germs and disease, for the needs of the municipality and its people. Courts uniformly refuse to enforce purely private contracts by mandamus. But where the public interests are involved, the contract may be thus enforced. As long as a public service corporation maintains its franchise it must fulfill the obligations to the public directly or impliedly arising from the same. *Town of Gassaway* v. *The Gassaway Gas Company,* 75 W. Va. 60. The function of a writ of mandamus is to enforce the performance of duties growing out of the discharge of public functions, or imposed by statute, or in some respects involving

a trust or official duty. *Richmond* v. *Brown,* 97 Va. 26; *Railway Co.* v. *Board,* 109 Va. 34; *Portsmouth Water Co.* v. *Portsmouth,* 112 Va. 158;. *Roanoke Water Co.* v. *Roanoke,* 110 Va. 661. The first point made is that the ordinance did not provide for mandamus but for criminal prosecution only in default of failure of the defendant to comply with its terms. "The fact that the statute provides for a refusal to perform the act in question is no reason why a writ of mandamus should not issue to compel the specific performance of such writ unless under the peculiar circumstances of the case the recovery of the penalty will be an adequate remedy. Of course, where the statutory remedy was not intended to be inclusive, it will not bar the remedy by mandamus." 9 Am. &. Eng. Ency. Law. 748. "The fact that the respondent is subject to a criminal prosecution for the failure to perform the duty sought to be coerced is not generally considered such an adequate remedy as will preclude the court from issuing a writ of mandamus, since a criminal prosecution will not enforce specific compliance with the duty or an adequate substitute; ordinarily, an indictment will not afford a specific remedy; that is, such as the case demands; for it is a proceeding *in poenam* for the past, and not a remedy for the future. In case of a statute or ordinance imposing a duty on a quasi-public corporation, the fact that a penalty is provided for violation of the duty has been held not to preclude the issuance of a writ of mandamus to compel the performance of the duty." 18 R. C. L. 135. See: 5 Fletcher's Cyc. Corp., Sec. 3277; 26 Cyc. 360; 2 Spelling Inj. & Ex. Rem. (2d ed.), Sec. 1375.

It is further urged by respondent that the ordinance imposes terms under the power given to it by the Legislature that are *not* prescribed in said act. It is a well settled principle that a general grant of power implies the necessary means for carrying into effect the power granted. So where a city charter expressly grants a power, as in the instant case, but prescribes neither the time nor the mode of its exercise, it may be exercised in any manner most convenient. *Danville* v. *Hatcher,* 101 Va. 523; *Kirkham* v. *Russell,* 76 Va. 956; *Groner* v. *Portsmouth,* 77 Va. 488.

The ordinance of August 12, 1924, is assailed as unreasonable and as unauthorized by the legislative act. A determina-

tion of the reasonableness of the ordinance depends upon its purpose, the condition it seeks to meet, and its character with respect to being confiscatory. Its purpose is the preservation of the public health. The condition it seeks to remedy is to prevent the health of the community being destroyed by delivery, under its franchise, from a public service corporation, of unwholesome water. The petition alleges that the plan provided by ordinance will not require the expenditure of an unreasonable sum of money. While the legislative act does not, in express terms, require the cementing of the reservoir or installation of a drain pipe, yet it does in general and broad terms, in language clearly stated, authorize the council to require of any water company or person furnishing water for public use to obey any order of the council with respect to keeping the reservoir or other source from which water is furnished free from filth and in good, clean condition. The petition alleges that compliance with the ordinance would do so. What will constitute such reasonable provision will depend, of course, upon the facts and circumstances of each individual case. *State ex rel.* v. *White Oak Railway Co.,* 65 W. Va. 15. The city commands what it alleges to be a reasonable provision for the filtration of the water supplied the city by the water company. Mandamus has been held to lie to compel a street railway company to replace its rails with rails of an improved pattern, in pursuance of a city ordinance to that effect, where such ordinance is reasonable. *Washington R. R. Co.* v. *Alexandria,* 98 Va. 344. In the last mentioned case, the petition set forth that the ordinance was a reasonable regulation of the use of the street, which the city had full power to make under its charter, and under the general law, because of the fact that paving was greatly needed by the citizens of Alexandria, and that a grooved rail was a necessary incident to the improvement. There, as here, the reasonableness of the ordinance was denied. The demurrer being overruled, the defendant answered, denying the reasonableness of the ordinance, and thereupon the issue was submitted to a jury. A judgment in favor of the city was upheld. A comparison of this case with the instant case is useful. The court in that case quoted approvingly from the opinion in *Burckhardt* v. *City of Atlanta,* 103 Ga. 302: ''An incorporated city is a gov-

ernment within a government. It has its own executive, judicial and legislative branches. It is a creature of the state and can exercise no power that is not derived from its creator. Where legislative power is conferred upon [such corporation] by the State it is necessary that a degree of freedom should be allowed in its exercise; otherwise, the city would be so hampered in the government of its people as would defeat the very ends of its incorporation. Hence it is that state courts will never interfere with the free exercise of such rights as are left to the discretion of a corporate authority, unless such authority should go beyond the scope of power delegated, or unless the discretion given should be abused by an arbitrary exercise thereof, and by a plain and unwarranted violation of private rights.'' To same effect: *City of Baltimore* v. *Baltimore Trust Co.,* 166 U. S. 673; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196; *Louisville City Railway Co.* v. *City of Louisville,* 8 Bush. 415; *Ashland* v. *Coleman,* 19 Va. Law Reg. 427; *Charleston* v. *Reed,* 27 W. Va. 681. It is not necessary to make further citation of authority to show that the city council here was clothed with adequate power to require the water company to keep the reservoir, and other sources from which the water is furnished the inhabitants of the city, free from filth and in a good, clean condition by a proper filtration system; a power to be exercised as the council may think proper, subject only to the limitation that it must act in good faith; that the regulation required be reasonable, and not imposed arbitrarily or capriciously—the presumption being in favor of the propriety and validity of what the city has directed to be done. No higher motive could actuate a city council than to protect the public health. In view of the facts stated in the petition, which on demurrer are taken to be true, we will not assume that the city government in the exercise of its legislative power acted capriciously or without sufficient reason. The presumption of law is that it did not so act. We can not say that the ordinance is unreasonable.

The last point stressed by respondent is that the city has another adequate remedy under the statute—a hearing before the Public Service Commission. Is this such a remedy as the decisions hold will authorize a denial of the writ? Relief in mandamus will not be superseded by another remedy, unless

such remedy be specific and appropriate under the circumstances of the particular case, compelling performance of the duty in question. *State ex rel.* v. *Water Company,* 94 W. Va. 724; *Hall* v. *County Court,* 82 W. Va. 564; *Pipe Line Company* v. *Riggs,* 75 W. Va. 353. Keeping this principle in mind, let us examine the scope of the jurisdiction of the Public Service Commission. In *Wheeling Steel Corp.* v. *Public Service Commission,* 90 W. Va. 74, this court said: "The jurisdiction and authority of the Public Service Commission extends no farther than to prescribe proper rates, and proper practices, and to direct the public service corporations to comply with them in the future. If a public service corporation should then refuse compliance, it would be necessary for the Public Service Commission, or some party interested, to invoke the aid of a court of competent jurisdiction to compel compliance with the order." . It is apparent that the Commission upon a hearing "might prescribe proper practices" and direct compliance with them of the water company, but upon the failure or refusal of the company to so comply, the Commission would have to invoke the aid of a court *"to compel compliance with the order".* It does not afford the relator the remedy to enforce the right or compel the performance of the duty owed to it by the respondent. To compel performance of a duty is the high purpose of mandamus.

The only question remaining to be considered is the one relating to the amendment made in the proceeding before the circuit court. This amendment has been heretofore set out at length in this opinion. The relator contends that, while it was made in the petition—the petition being a part of the writ— both the petition and writ thereby were amended. The respondent maintains that leave was asked to amend only the petition, and that in fact it alone was amended. The record sustains the latter contention. We are bound by the record on certification. All the authorities are agreed that in mandamus the alternative writ serves the purpose of a declaration. *State* v. *Raleigh County Court,* 95 W. Va. 514; *State* v. *County Court,* 78 W. Va. 168; *Fisher* v. *City of Charleston,* 17 W. Va. 595. The alternative writ is the only pleading before us. While the petition is looked to to determine whether a proper

foundation exists for the issuance of the writ, it is the suffi-
ciency of the writ alone on demurrer that we are called upon
to decide. We have no power to amend pleadings here on
certificate. Therefore, although with reluctance, we are com-
pelled to reverse the certified ruling on the sole ground of the
failure to insert the vital amendatory matter in the alternative
writ. As the omission was clearly an oversight, leave is there-
fore given the relator to make this proper amendment in the
circuit court. This court is of opinion that, with the alterna-
tive writ so amended, a demurrer thereto should be overruled.

*Ruling reversed.*