STATE *ex rel.* LOU SMOLESKI

*v.*

THE COUNTY COURT OF HANCOCK COUNTY,
WEST VIRGINIA, *a Corporation, et al.*

(No. 12830)

Submitted April 30, 1969.          Decided July 1, 1969.

*Preiser, Greene & Hunt, Stanley E. Preiser, W. Dale Greene, L. Alvin Hunt,* for relator.

*Frank Cuomo, Jr., Robert G. Altomare,* Assistant Prosecuting Attorney, for respondents.

HAYMOND, PRESIDENT:

This is an original proceeding in mandamus instituted in this Court April 23, 1969, in which the petitioner, Lou Smoleski, Democratic Nominee for the office of Sheriff

of Hancock County, West Virginia, seeks a writ to compel the defendants, The County Court of Hancock County, West Virginia, a corporation, Edward Nogay, William C. Graham and Joseph H. Manypenny, individually and as commissioners of the County Court of Hancock County, West Virginia, forthwith to reconvene as an election contest court and to hear and determine the pending election contest between the petitioner Lou Smoleski as contestant against the defendant Ralph J. Patrick, Jr., as contestee, to vacate and set aside the declaration in its order of April 17, 1969 that the contestee Ralph J. Patrick, Jr., is the duly elected sheriff of Hancock County, West Virginia; to permit the petitioner and the defendant to subpoena and to produce, at the hearing of such election contest, witnesses to testify concerning matters and things set forth in the notice of contest and the amended notice of contest of the contestant and the counter-notice of contest of the contestee, and, in the event the testimony of any such witnesses should be held to be incompetent and inadmissible, to permit each party to said election contest to vouch the record to show such testimony of any such witness; and to proceed to conduct and complete such election contest in the manner provided by law; to admit and consider all proper and pertinent testimony in behalf of either party; and to complete such election contest promptly and without delay and within the time prescribed by law.

Upon the petition and its exhibits, this Court issued a rule returnable April 29, 1969, at which time this proceeding was heard upon the petition and its exhibits, the separate demurrer of the defendant Ralph J. Patrick, Jr. to the petition, the answer of the defendants Edward Nogay, William C. Graham and Joseph H. Manypenny, individually and as commissioners of the County Court of Hancock County, West Virginia, the answer and cross-petition of the defendant Ralph J. Patrick, Jr., and the exhibits filed with that pleading, the demurrer of the petitioner to the cross-petition of the defendant Ralph J.

Patrick, Jr., and the written briefs and the oral arguments of the attorneys for the respective parties, and was submitted for decision.

On May 2, 1969, this Court, by order, awarded a writ of mandamus which granted the relief prayed for in the petition.

This opinion is now filed for the purpose of stating the reasons for the action of this Court in granting the writ.

By order entered March 28, 1969, this Court awarded a writ in the mandamus proceeding of *State ex rel. Smoleski* v. *The County Court of Hancock County*, 153 W. Va. 21, 166 S. E.2d 777, which commanded the defendant, The County Court of Hancock County and the present defendants individually and as commissioners of the county court, "to promptly assemble as an election contest court as provided by law and with diligence and expedition hear the evidence of the contestant and the contestee and render a decision within the time provided by law."

Section 7, Article 7, Chapter 3, Code, 1931, as amended, dealing with the hearing by a county court of county and district election contests, provides, in part, that "Subpoenas for witnesses for either party shall be issued by the clerk of the county court, and served as in other cases, and the witnesses shall be entitled to the same allowances and privileges, and be subject to the same penalties, as witnesses attending a circuit court in a civil suit," and "At the trial of such contest, the court shall hear all such legal and proper evidence that may be brought before it by either party, and may, if deemed necessary, require the production of the poll books, certificates and ballots deposited with its clerk, and examine the same."

It is manifest from the pleadings that the county court did not comply with the mandate of this Court in the above cited mandamus proceeding in that, after recon-

vening, it refused to permit the contestant, the petitioner here, and his counsel to examine certain ballots in precincts Nos. 17, 20, 27 and 36; refused to issue subpoenas for some witnesses requested by him; refused to permit him to present evidence of certain witnesses in his behalf; and refused to permit him to offer evidence relating to matters alleged in his amended notice of contest and to incorporate in the record, by way of avowal, such rejected evidence. According to the undenied allegations of the answer and cross-petition of the defendant Ralph J. Patrick, Jr., it also refused to permit him, as contestee, and his counsel to examine certain ballots in precincts Nos. 34 and 37; refused to issue subpoenas for some witnesses requested by him; refused to permit him to call and present the evidence of certain witnesses in his behalf, and refused to allow him to vouch the record for the purpose of preparing it for appeal.

The foregoing facts are set forth in the petition of the contestant Lou Smoleski and in the answer and cross-petition of the contestee Ralph J. Patrick, Jr. and are substantially admitted in the answer of the defendants The County Court of Hancock County, and Edward Nogay, William C. Graham and Joseph H. Manypenny, as commissioners of the County Court of Hancock County, and were admitted in the oral argument of counsel for the defendants. The reasons, given by the commissioners of the county court in their answer and in the oral argument, for such refusal are insufficient and inadequate and do not justify such action.

It is well settled by the decisions of this Court that compliance with its mandate in relation to a proceeding in a trial court may be compelled and that mandamus is the proper remedy to require such compliance. *State ex rel. Boswell* v. *Haymond,* 84 W. Va. 687, 100 S. E. 493; *King* v. *Mason, Judge,* 60 W. Va. 607, 56 S. E. 377; *Butler* v. *Thompson,* 52 W. Va. 311, 43 S. E. 174; *Koonce* v. *Doolittle,* 48 W. Va. 592, 37 S. E. 644. See *Gaines* v. *Rugg,* 148 U. S. 228, 13 S. Ct. 611, 37 L. Ed. 432. See also *State*

*ex rel. Ward* v. *County Court* of *Raleigh County,* 138 W. Va. 551, 76 S. E.2d 579; *State ex rel. Bailey* v. *County Court of Raleigh County,* 109 W. Va. 31, 152 S. E. 784. In those two cases this Court awarded a writ of mandamus to require the defendants to comply with express statutory provisions. In *Koonce* v. *Doolittle,* 48 W. Va. 592, 37 S. E. 644, this Court held in point 3 of the syllabus that "*Mandamus* is the proper remedy to compel the circuit judge or court to comply with the mandate of this Court." From the foregoing authorities it is clear that mandamus is the proper remedy to compel a county court, acting as an election contest court, to comply with the mandate of this Court in relation to such election contest.

Though the county court in hearing and determining an election contest is vested with discretion which, in the absence of arbitrary or capricious conduct, passion, partiality, fraud or misapprehension of law, can not be controlled by mandamus, it can not be said that its action in connection with the above enumerated refusals did not constitute arbitrary and capricious action. See *Beverly Grill, Inc.* v. *Crow,* 133 W. Va. 214, 57 S. E.2d 244, and the numerous cases cited in the opinion in that case. Whether such conduct did or did not constitute arbitrary and capricious action is, however, not important, for in any event the county court may not ignore the command of the previously quoted statutory provisions or disobey the mandate of this Court. When disregard of the command of the statute and disobedience of the mandate of this Court occur, as they did in connection with the election contest, a writ to compel compliance will issue.

The defendants contend that mandamus does not lie to require the county court to comply with the mandate of this Court for the reason that an adequate remedy is available to the petitioner by appeal to the circuit court and ultimately to this Court and that mandamus does not lie if another sufficient and expeditious remedy exists. There is no merit in this contention. An appeal would result in undue delay and in an appeal the petitioner

could not obtain complete relief inasmuch as the county court refused to permit him to incorporate in the record, by avowal, the evidence which it refused to admit.

It is well established that the existence of another remedy will not preclude resort to mandamus for relief unless such other remedy is specific and appropriate to the circumstances of the particular case and requires the performance of the duties sought to be performed. *Carter v. City of Bluefield,* 132 W. Va. 881, 54 S. E.2d 747; *State ex rel. Looney v. Carpenter,* 106 W. Va. 170, 145 S. E. 184; *City of Philippi v. Tygarts Valley Water Company,* 99 W. Va. 473, 129 S. E. 465; *State ex rel. City of Benwood v. Benwood and McMechen Water Company,* 94 W. Va. 724, 120 S. E. 918; *State ex rel. Hall v. County Court of Monongalia County,* 82 W. Va. 564, 96 S. E. 966; *Eureka Pipe Line Company v. Riggs,* 75 W. Va. 353, 83 S. E. 1020, Ann. Cas. 1918A 995. Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is inadequate or is not equally as beneficial, convenient and effective, mandamus will lie. *Carter v. City of Bluefield,* 132 W. Va. 881, 54 S. E.2d 747; *State ex rel. Miller v. Board of Education of Mason County,* 126 W. Va. 248, 27 S. E.2d 599; *Hardin v. Foglesong,* 117 W. Va. 544, 186 S. E. 308. The tendency in this jurisdiction is to enlarge and advance the scope of the remedy of mandamus, rather than to restrict and limit it, in order to afford the relief to which a party is entitled when there is no other adequate and complete legal remedy. *Carter v. City of Bluefield,* 132 W. Va. 881, 54 S. E.2d 747; *Cross v. West Virginia Central and Pittsburgh Railway Company,* 35 W. Va. 174, 12 S. E. 1071.

For the foregoing reasons the petitioner was entitled to the writ of mandamus heretofore awarded by this Court by its order of May 2, 1969.

*Writ awarded.*