# CHARLESTON.

STATE *ex rel.* THOS. T. BOSWELL, *Relator,* v. HON. WM. S. HAYMOND, JUDGE, *etc.*

Submitted September 24, 1919.    Decided October 7, 1919.

MANDAMUS—*Supreme Court of Appeals Will Construe and Correct Mistake of Lower Court in Construing Mandate.*

It is proper for this court, on application for a writ of mandamus, to construe its own mandate in connection with its opinion; and if it finds that the circuit court has erred, or acted beyond its province, in construing the mandate and opinion, to correct the mistake now and here, and to do so by writ of mandamus.

Mandamus by the State, on the relation of Thomas T. Boswell, against Hon. Wm. S. Haymond, Judge, etc.

*Peremptory writ awarded.*

*Martin & Seibert,* and *Sperry & Sperry,* for relator.
*John J. Coniff, H. S. Lively* and *Austin V. Wood,* for respondent.

LYNCH, JUDGE:

In the chancery cause of Howard A. Oberman, trustee, against Red Rock Fuel Company and others, brought to this court by Thomas T. Boswell, a defendant therein, upon appeal from a decree of the circuit court of Marion County, decided here March 4, 1919, (83 W. Va. 473, 99 S. E. 66), there was involved the inquiry whether Boswell was entitled to demand and have executed to him by Red Rock Fuel Company a coal mining lease upon certain parcels of its coal properties, possession of which he took with the acquiescence, knowledge and consent of the company, but which subsequently was taken from him by an interlocutory order entered in the cause and delivered to George De Bolt, receiver, about January 22, 1916, where such possession remained at the date of the decision rendered by this court upon the appeal.

This right to demand the execution of a coal mining lease Boswell introduced into the cause for the first time by his an-

swer to the bill filed by Oberman, trustee, in the nature of a cross-bill setting up new matter and predicating his right to a lease thereon. The right so asserted by him grew out of negotiations conducted between himself and the officers and agents of the Red Rock Fuel Company in the city of Baltimore on or about the first day of October, 1915, and as a result of which negotiations, as he contends, a provisional agreement was arrived at by the parties then so assembled, whereby the company granted him the right to enter upon the land at once and begin operations thereon, and bound itself to execute to him upon certain terms and conditions a coal mining lease upon that portion of the company's properties which was the subject matter of the agreement, one of the terms of which was that the contract was to be effective as of the date last mentioned, and he was to pay for the coal mined and removed therefrom at the rate of 11.2 cents per ton during the life of the contract, with the usual provision concerning payment of an annual minimum royalty.

Upon the hearing of the cause this court found for Boswell, and by its order required Red Rock Fuel Company, through its officers and agents, to execute such a contract, to become effective as of the date aforesaid, and required De Bolt, the receiver, to account to Boswell for the coal mined during the receivership upon the royalty basis of 11.2 cents per gross ton, but without liability on the part of Boswell for any portion of the compensation usually allowable to receivers in such cases.

Upon the remand of the cause the circuit court instead of limiting the settlement of the special receiver's receipts and disbursements, as so prescribed, in effect required the commissioner to whom the cause was referred for the purpose of settlement to ascertain the amount of the royalties paid, due and unpaid by the defendant Thomas T. Boswell to the Red Rock Fuel Company, with the further and additional provision that "if said 11.2 cents per ton, or the royalty at the rate agreed upon, shall be less than the minimum royalty provided in the contract specifically enforced under this decree, and to be effective as of October 1, 1915, then in the settlement of the accounts * * * there shall be charged to Thomas

T. Boswell the minimum royalty provided in the contract dated October 1, 1915, and specifically enforced under the terms of this decree."

To prevent the execution of the order of reference so authorized, and to compel the circuit court to observe the mandate of this court, read and construed in the light of the opinion rendered in the cause March 4, 1919, Boswell applied for and obtained a preliminary alternative writ commanding the Hon. William S. Haymond, Judge of the circuit court of Marion County, to recall, rescind or annul the order of reference so entered, or modify it so as to exclude the provision therein contained as to the payment of the minimum royalty, or show cause why he should not peremptorily be compelled to do so.

The return admits the variance between the method of accounting contended for by Boswell and that prescribed in the order of the circuit court and the probability of a substantial difference in the final results between the two methods, but disclaims any intention of disregarding the order of this court, and defends the reference order on the theory that the opinion of this court of March 4, 1919, left open and undetermined all matters relating to the enforcement of the coal mining contract which the Red Rock Fuel Company was required to execute to Boswell. In other words, the reference order proceeds upon the assumption that it was the duty of the circuit court to enforce specifically the contract the execution and delivery of which was required by this court. The specific performance of the mining contract was not an issue before this court upon the appeal in the original cause, because, as we have said, the issue was whether the parties had come to an agreement as to the form, effect and substance of such a lease at the Baltimore meeting. That issue was resolved in favor of Boswell, and the Red Rock Fuel Company was required to execute and deliver such a lease, and in addition to that relief De Bolt was required to settle with Boswell for the money collected by De Bolt during the receivership, less the cost of mining and marketing the coal, but without diminution by way of compensation to the receiver in that regard. Stated differently, the object of the settlement contemplated

by this court, and as sufficiently appears from the oponion it-self, as we think, was an ascertainment of the balance re-maining in the hands of De Bolt on March 4, 1919, after the payment of all charges for mining and marketing the coal during the receivership, except the compensation usually al-lowed for the services of the receiver, but from this balance was to be deducted for the benefit of the company, and ac-cording to the terms of the contract, 11.2 cents per ton roy-alty on the coal actually mined by De Bolt while the pro-perty remained in his custody. Beyond that our order did not, and no order of this or any other court can now, go. To the extent the order of reference entered by the circuit court of Marion County exceeds the bounds of our holding it is without warrant of law. As between the parties to the suit the adjudication is irrevocable. No court can now alter that result.

Under the authority of *Koonce* v. *Doolittle,* 48 W. Va. 592, *King* v. *Mason,* 60 W. Va. 607, and *Gaines* v. *Rugg,* 148 U. S. 228, Boswell is entitled to the peremptory writ, and we allow and direct its issuance in conformity with the prayer of his petition.                    *Peremptory writ awarded.*