# CHARLESTON.

STATE *ex rel* JOHN CASEY *v.* STATE BOARD OF EDUCATION *et al.*

(No. 6010)

Submitted June 1, 1927.   Decided June 2, 1927;
Written Opinion filed June 7, 1927.

1.  MANDAMUS—*Matters Lying Clearly Within State Board of Education's Discretion Cannot be Controlled by Mandamus; State Board of Education's Discretion as to Changes in School Books Cannot be Controlled by Mandamus (Code, c. 45, § 11).*

    Matters lying clearly within the discretion of the State Board of Education cannot be controlled by mandamus.   (p. 43.)

    (Mandamus, 38 C. J. §§ 71, 331, 340 [Anno].)

2.  SAME—*Party Seeking Mandamus to Compel State Board of Education to Adopt Certain Books Must Show Alleged Exercise and Exhaustion of Discretion, Making Matter Sought to be Controlled Ministerial (Code, c. 45, § 11).*

    Where a party seeks, by mandamus, to compel such Board to perform an act on the ground that it has exercised and exhausted its discretion and that by reason thereof the matter sought to be controlled now lies outside of its discretion and has become ministerial in character, he must establish such facts.   (p. 43.)

    (Mandamus, 38 C. J. § 671.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceedings by the State, on the relation of John Casey, for mandamus to be directed to the State Board of Education and others.

                                        *Writ denied.*

*Poffenbarger, Blue & Dayton,* for relator.

*H. B. Lee,* Attorney General; *R. Dennis Steed* and *R. A. Blessing,* Assistant Attorneys General, for respondent State Board of Education.

*E. Leslie Long,* for respondent National Pub. Co.

WOODS, JUDGE:

John Casey seeks to invoke mandamus to require the State Board of Education to adopt for uniform and exclusive use in the elementary schools of this State, for a period of five years, a series of books on the subject of spelling, consisting of two volumes, entitled ''Mastery of Words,'' and to enter into a contract with the Iroquois Publishing Company, the publisher, in accordance with its offer. The proceeding is based on an alleged forty per cent. change of the subjects required by law to be taught in said elementary schools, in violation of §11, Chapter 45, Code, providing that not more than thirty per cent. shall be changed in any five-year adoption, unless further changes be necessary to protect the State against unfair prices or discrimination by the publishers of the books in use. Respondents demurred to the petition, moved to quash the alternative writ, and tendered and filed their joint answer and return. The answer and return shows that the State Board sent out notices to all publishers of school textbooks requesting them to submit samples and prices of textbooks on each of the ten subjects required to be taught in said elementary schools; that at a meeting of the Board the books now in use in six of the required subjects (Reading, Writing, Civil Government, United States and West Virginia History, English Grammar and Language, and Elementary Agriculture) were approved for another five-year period, leaving the remaining subjects (Spelling, Arithmetic, Geography and Physiology & Hygiene) open for further consideration. After thoroughly considering the last four, the Board adopted a new speller, a new geography, a revised edition of the arithmetics now in use, and substituted a new book for one of those now in use on Physiology & Hygiene. This action, the Board contends, is clearly within the statute. Assuming, however, as relator contends, that this amounted to four changes (40%), within the meaning of the statute, it is alleged that the same were made by the Board on one motion, and that its entire action under the motion is void for want of authority. Even admitting such to be the case, our power to mandamus would only go to the extent of com-

pelling the Board to act in relation to the four subjects—
Spelling, Arithmetic, Geography and Physiology and Hy-
giene.   The return shows an adoption of books for six sub-
jects; hence, the Board would have a right under the statute
to change the books in three of the remaining four subjects.
If the action taken is void, then no action has been taken
upon the question of the three changes it is permitted to
make.   We could not go farther, if at all, than to compel
the Board to act.   It has a discretion which we have held
time and again may not be controlled by mandamus.   *State
ex rel.* v. *County Court,* 33 W. Va. 589; *Miller* v. *County
Court,* 34 W. Va. 285; *County, Court* v. *Holt, Judge,* 61 W.
Va. 154; *State ex rel.* v. *O'Brien,* 97 W. Va. 343.   This Court
has held that a publisher of school books, having a contract
with a school board for furnishing school books, as the Iro-
quois Publishing Company has here, cannot compel said board
to continue or renew its contract for five years after its ex-
piration on the ground that the board has changed books
without sufficient vote.   *Ginn & Company* v. *School Book
Board,* 62 W. Va. 428.   This same principle would have ap-
plication in the case here if, as relator contends, the entire
action of the Board is void.   Therefore the adoption of the
relator's books on Spelling cannot be commanded on this
ground.   But, if the proposition that the books for four sub-
jects were adopted at one time be not tenable, the relator says
that the fact is that of the four subjects changed, the change
in spelling was made last, and that the Board had power to
make the change of the first three subjects, but no power to
make the fourth change.   This might be true if spelling were
last.   But the Board in its sworn return avers that of the
changes made, the change in the speller was made first.   This.
claim is supported by the fact that on the minutes of the
Board the subject of spelling appears first in order of the
four subjects last considered by it.   The relator relies on
the fact under the second proposition here that the change
was made last.   He so avers.   The law imposes upon him the
burden of sustaining this issue.   *State* v. *Fortney,* 93 W. Va.
292; 18 R. C. L. 127.   To support this issue he relies upon
the affidavit of a third party that he was told by a member

of the Board that the change in spellers was made last. This is merely hearsay evidence and cannot be considered. The relator has failed to bear the burden cast upon him of showing that the change in spelling was made last. His case for mandamus also falls upon this proposition. This conclusion makes decision of the other questions raised unnecessary.

*Writ denied.*