W. F. SHAWVER SONS COMPANY *v.* BOARD OF EDUCATION
OF LOUDON DISTRICT *et al.*

(No. 8243)

Submitted May 14, 1936.   Decided June 2, 1936.

*Mohler, Peters & Snyder,* for appellant.

*Brown, Jackson & Knight, Lon H. Kelly,* and *Herman Bennett,* for appellee Board of Education.

*Taylor & Taylor, R. E. O'Connor, L. E. McWhorter, Blue, Dayton & Campbell, W. E. R. Byrne,* and *H. V. Campbell,* for other appellees.

HATCHER, PRESIDENT:

The primary question in this litigation is the responsibility of a surety's indemnitor to the creditors of the surety's principal.

R. A. Sutler contracted with a Board of Education to construct a school building, and The Equitable Casualty and Surety Company (hereinafter called Equitable) signed his contract bond as surety.   Sutler's application to Equitable to become his surety covenanted that he would indemnify it "against any and all liability, loss, costs, damages, attorney's fees and expenses of whatever kind or nature" it might sustain by reason of executing his bond.   L. H. Baier joined with Sutler in the indemni-

fying covenant. After partially constructing the building, Sutler abandoned the contract, insolvent, and failed to pay for material furnished on the building, by W. F. Shawver Sons Company and others. Equitable became insolvent and also failed to pay them. In this suit, they were decreed recoveries (through the medium of a receiver for Equitable) against Baier, as the indemnitor of Equitable.

The materialmen rely on the rule in equity adopted in *Bank* v. *Hart,* 103 W. Va. 290, 137 S. E. 222, that a creditor may claim the benefit of a security *given by the principal debtor* to indemnify the surety. Both the rationale and the diction of the rule, however, require that the security be the property of the debtor. The security given in *Bank* v. *Hart* was a deed of trust on real estate belonging to the debtor. The decisions referred to in that case all relate to property of the principal which had been turned over to the surety. No authority has been cited by counsel for the creditors of Sutler, and none has been discovered by our search, which holds that the gratuitous indemnity furnished by a stranger for the express benefit of a surety, is impressed with a trust in favor of the principal's creditors. On the contrary, numerous decisions hold that such an indemnity does not inure to their benefit. This distinction is emphasized in *Hampton* v. *Phipps,* 108 U. S. 260, 264-5, 2 S. Ct. 622, 624, 27 L. Ed. 719, the leading case on the subject. There, the court, after vigorously defending the doctrine that when a debtor has placed an indemnity in the hands of his surety "it is conformable to the presumed intent" of the parties, that "the fund so appropriated" be administered as a trust fund for the creditors, made the following qualification: "All this * * * presupposes that the fund specifically pledged and sought to be primarily applied, is the property of the debtor, primarily liable for the payment of the debt; and because it is so, equity impresses upon it a trust which requires it should be appropriated to the satisfaction of the creditor. * * * The present case cannot be

brought within either the terms or the reason of the rule; for as the property, in respect to which the creditors assert a lien was not the property of the principal debtor, and has never been expressly pledged to payment of the debt, so no equitable construction can convert it by implication into a security for the creditor. * * * We have been referred to no case which forms an exception to the rule as we have stated it." Accord: *Wood* v. *Surety Co.*, (D. C.) 192 Fed. 992; *Henderson-Achert Lithographic Co.* v. *John Shillito Co.*, 64 O. St. 236, 251, 60 N. E. 295, 83 Am. St. Rep. 745; *Taylor* v. *Bank*, 87 Ky. 398, 9 S. W. 240, 241-2; *Osborn* v. *Noble*, 46 Miss. 449; *Hasbrouck* v. *Carr*, 19 N. M. 586; *O'Neill* v. *Bank*, 34 Mont. 521, 527, 87 P. 970; *Union Nat. Bank* v. *Rich,* 106 Mich. 319, 64 N. W. 339; *Continental State Bank* v. *Reed*, (Tex. Civ. App.) 284 S. W. 265, 267; *Seward* v. *Huntington*, 94 N. Y. 104, 105; Pingrey on Suretyship and Guaranty, (2d Ed.) sec. 151; Brandt, *idem*, (3d Ed.) sec. 361; Stearns, Suretyship, (4th Ed.) sec. 255 (p. 461); 50 C. J., subject, Principal and Surety, sec. 370 (p. 228). We do not overlook that *Henderson* v. *Shillito, supra,* observes that this qualification would not be applied where the stranger was compensated for agreeing to indemnify the surety. Whether that observation is sound need not be considered now. Baier admitted that Sutler was indebted to him and that he "thought" Sutler would make some money on the school contract, and pay on the debt. But the record discloses no promise or payment of anything whatever to Baier for covenanting to indemnify Equitable. The illusions of hope are not such compensation as even *Henderson* v. *Shillito* contemplates. Since Baier was a stranger to Sutler's contract, and his promise to the surety was gratuitous and for its express benefit, no equitable alchemy can convert the promise into a security for Sutler's creditors.

A collateral question is raised in a petition herein of the receiver for Equitable. He charges the Board of Education with making improper payments to Sutler; but seeks relief against the Board only "for the use and

benefit of L. H. Baier, when the said Baier shall have paid off and discharged the indebtedness herein prayed to be adjudged against him." Since no indebtedness will be adjudged against him, no occasion to discuss the charge against the Board is apparent.

The decree of the circuit court is reversed so far, and so far only, as it adjudged Baier liable to the receiver, for the use and benefit of the creditors of Sutler.

*Reversed in part; remanded.*