L. H. Baier *v.* A. S. Alexander, *Judge*

(No. 8738)

Submitted February 1, 1938.   Decided March 15, 1938.

*Mohler, Peters & Snyder,* for relator.

*Blue, Dayton & Campbell* and *Taylor & Taylor,* for respondent.

Fox, Judge:

By this proceeding in mandamus the petitioner seeks to compel the Court of Common Pleas of Kanawha County to enter upon its records, as its own, the decision of this court in the case of the *W. F. Shawver Sons Company* v. *Board of Education,* 117 W. Va. 531, 186 S. E. 307, as required by Code, 58-5-29; and to set aside a decree of said court entered in said cause, on the 31st day of December, 1937, in which is set out *in extenso* the order of this court giving effect to its decision, and making said decision its own; but in addition thereto, dismisses the

cause on motion of the plaintiff and discharges a receiver appointed therein, and makes certain reservations as to the rights of interested parties which, petitioner contends, lessens the force and effect of the decision of this court, and operates, in effect, as a dismissal of the cause without prejudice. Petitioner contends that he is entitled to the full benefit of the decision of this court in said cause without reservation or limitations. A brief resume of the proceedings in the *Shawver* case may be necessary to clarify the issue presented here.

In the year 1930, one R. A. Sutler contracted with the Board of Education of Loudon District to construct a school building at Marmet, and, being required to execute a bond to secure the performance of his contract, furnished the Equitable Casualty and Surety Company as surety on said bond. L. H. Baier, the petitioner herein, entered into an indemnity agreement with said surety company, guaranteeing it against loss or damage by reason of the execution of said bond. Sutler, in proceeding with construction under his contract, purchased material and supplies from The W. F. Shawver Sons Company and others, the bills for which were not paid. He did not complete the contract, abandoned the same, and became a bankrupt. The surety company also became insolvent. Later, The W. F. Shawver Sons Company instituted its suit in the Court of Common Pleas of Kanawha County against the Board of Education of Loudon District, L. H. Baier and others, in which suit other persons furnishing material for said construction work became parties, seeking, among other things, to secure a decree against L. H. Baier for the payment of their claims under said indemnity agreement. In this suit, a receiver was appointed for the surety company, and by a final decree of the court below, entered on the 16th day of May, 1935, decretal judgments were entered in favor of Frank L. Taylor, special receiver for the surety company, for the use and benefit of the creditors of R. A. Sutler, and against L. H. Baier for the respective amounts due the various materialmen who had proven their claims in the cause. An appeal was taken

from that decree to the Circuit Court of Kanawha County, and from that court to this court, and on June 2, 1936, this court entered an order reversing the decree of the court below "so far only as it adjudged Baier liable to the receiver for the use and benefit of the creditors of Sutler", and such decision was certified to the Circuit Court of Kanawha County, and by that court to the Court of Common Pleas, as required by Code, 58-5-28. So far as the record discloses nothing was done in the cause until the 31st of December, 1937, when counsel for Baier presented to the Court of Common Pleas, and asked to have entered a decree which set out *in extenso* the order of this court making its decision aforesaid effective, and expressly making said decision its own, followed by a finding that the said Baier "is not liable for the debts due from R. A. Sutler to the materialmen mentioned and described in plaintiffs' original, amended and supplemental bills of complaint filed herein", and decreeing that said materialmen take nothing by their suit and that said Baier go hence without day. This proposed decree the court below refused to enter, but did, on the same day, enter a decree prepared and tendered for entry by counsel for The W. F. Shawver Sons Company and other materialmen in which, likewise, the order of this court in said cause on appeal is set out *in extenso*, and made the decision of that court, and in which the said cause was, on motion of the plaintiff, dismissed. There was also incorporated in said decree a discharge of the special receiver for the surety company, and it was stipulated that the decree should become effective as of the 23rd of September, 1937, but with these details we are not concerned, and to which there does not appear to be special objection on the part of the petitioner. But the petitioner does object to the following provision appearing therein:

"It is further adjudged, ordered and decreed that this decree shall not effect the rights, if any, of the plaintiff and the other claimants herein as such rights, if any, existed immediately prior to the entry of this decree, nor

shall this decree affect the rights, if any, of L. H. Baier as such rights, if any, existed immediately prior to the entry of this decree."

The decree so entered makes the decree proposed by Baier a part of the record and notes his exception to the failure to enter the same.

The respondent, by his answer, would justify his refusal to enter the decree proposed by Baier, and his action in entering the decree dismissing the cause with the reservations aforesaid, partially upon the fact that on the 9th day of December, 1937, the West Virginia Brick Company, the W. F. Shawver Sons Company and Truscon Steel Company had instituted their suit in equity against the said L. H. Baier and others in the Court of Common Pleas of Kanawha County, in which decrees are sought against Baier for the amount of the claims of the plaintiffs, and such other persons as may properly come into the suit and present their claims, and in which suit the plaintiffs therein claim the right to recover upon an allegation that subsequent to the decision of this court in the *Shawver* case, they had caused to be issued executions on the decretal judgments in their favor against the receiver of the Equitable Casualty and Surety Company for their use and benefit, and caused such executions to be placed in the hands of the sheriff of Kanawha County, and thereby acquired a right to enforce liability against L. H. Baier as a creditor of the surety company, under the indemnity contract aforesaid. The reservation in the decree complained of in this proceeding was apparently inserted to save and protect the rights of said plaintiffs and others who might be entitled to present a similar claim. The contention of the petitioner is that the court below was without power to do anything more than enter as its own the decision of this court in the *Shawver* case, and that it could make no order or decree which in any wise limited the full force and effect of this court's decision.

It is well settled by our decisions that mandamus is a proper remedy to compel a trial court to remove from its record an order, judgment or decree improperly entered

by it, on a mandate of this court, and to enter a proper order or decree in accordance therewith. *Koonce* v. *Doolittle*, 48 W. Va. 592, 37 S. E. 644; *King* v. *Mason*, 60 W. Va. 607, 56 S. E. 377. And the right of this court to enforce a plain statutory provision, requiring the entry of its order, made in pursuance of its appellate jurisdiction, as the decision of the court from which the cause is appealed or a writ of error prosecuted, would seem to be clear. But, as limiting that right, the respondent contends that in entering the decree complained of he exercised a discretion which cannot be controlled by mandamus. Full recognition is given to the rule that courts may not be interfered with, by mandamus, in the exercise of their proper discretion in the decision of matters coming before them; but, in this case, the court below had no discretion as to what it should do with respect to the decision of this court. Its power was expressly limited by statute (Code, 58-5-29) to the entry of the decision of this court as its own decision. The interpretation of that decision, as applied to the claims of the plaintiffs in the pending *West Virginia Brick Company* case, either by the court below or upon a later appeal to this court, is a different proposition; but that interpretation may, by mandamus, be controlled by this court in a proper case. *King* v. *Mason, supra; Boswell* v. *Haymond*, 84 W. Va. 687, 100 S. E. 493.

It is clear from the record that the claims of the materialmen sought to be asserted in the *West Virginia Brick Company* case, which suit is made the excuse for the reservation of rights in the decree complained of, are based upon alleged rights accruing to them under executions issued subsequent to the decision of this court in the *Shawver* case. The decision of this court in that case must stand as the final adjudication of such questions as were raised, or could have been raised, therein; but can have no effect on rights subsequently accruing to any of the parties therein. Therefore, no saving provision was necessary in the decree in the *Shawver* case to save to the interested parties the alleged subsequently acquired rights. The petitioner is entitled to the bene-

fits, if any, of the decision of this court in the *Shawver* case as to all questions settled, or which could have been settled thereby; and the question of whether or not that decision has any effect upon the claims of the plaintiffs in the *West Virginia Brick Company* case is not now before us. Counsel for both the petitioner and respondent argue the question of the effect of this court's decree in the Shawver case on the claim now asserted in the *West Virginia Brick Company* case pending in the court below, but we do not deem it necessary or advisable, in a proceeding of this character, to pass upon the question of the effect of this court's decision on pending litigation.

The petitioner is entitled to a writ of mandamus requiring the Court of Common Pleas to cancel and annul the decree entered by it in the *Shawver* case on the 31st day of December, 1937, and to enter therein a proper decree making as its own the decision of this court in that case, without qualification or reservation which in any way limits the full force and effect of such decision.

*Writ awarded.*