STATE *ex rel.* THE COUNTY COURT OF BARBOUR COUNTY, *A Corporation*

*v.*

WEST VIRGINIA STATE BOARD OF HEALTH, *A Corporation, et al.*

(No. 10478)

Submitted April 22, 1952. Decided June 10, 1952.

Fox, JUDGE, not participating.

*George M. Kittle,* for relator.

*No appearance* for respondents.

GIVEN, JUDGE:

In this original proceeding in mandamus, petitioner, The County Court of Barbour County, prays a peremp-

tory writ requiring defendants, the West Virginia State Board of Health, a corporation created by the Legislature, and N. H. Dyer, as State Director of Health, to appoint the nominee of the county court to the position of County Health Officer of Barbour County, for part-time service. Service of a copy of the petition and of the rule issued by this Court was accepted as of April 11, 1952, on behalf of defendants by the Attorney General of the State. No further appearance has been made herein on behalf of either of the defendants.

A vacancy having occurred in the office of County Health Officer of Barbour County, the county court of that county, on June 18, 1951, entered an order nominating and recommending the appointment of Michael M. Stump, a physician practicing in that county. A certified copy of the order was duly forwarded to the West Virginia State Board of Health. By letter of July 5, 1951, set out in the petition, the West Virginia State Board of Health, through the State Director of Health, advised the county court as follows:

"The West Virginia Board of Health met in regular session on June 29, 1951, and the following motion was made, discussed and passed by the Board: 'It is the sense of this Board that in areas served by part-time Health Officers, if and when any part-time Health Officer resigns or is asked to resign, that this Board not approve the appointment of a new part-time inexperienced Health Officer as replacement, except in an emergency. This action is taken in the interest of stimulating the formation of full-time health departments rendering a more efficient service to the people of the State with better utilization of funds in the State.' Therefore, in accordance with the above motion, the recommendation of the Barbour County Court was not approved by the West Virginia Board of Health. This is not to be considered any reflection upon the ability or character of your nominee for this position, but is to be fully understood as being the thinking of the Board on all present and future Statewide nominees as part-time Health Officers." Thereafter further efforts were made

by that court to have the appointment of Doctor Stump approved by the West Virginia State Board of Health, but without success. Thus this Court must determine whether the West Virginia State Board of Health is vested with right or power to adopt a policy of appointing full-time county health officers or whether the county courts of the respective counties are vested with discretion as to whether such officers may be appointed for part-time or full-time service.

If authority exists in the West Virginia State Board of Health to require the appointment of a full-time county health officer by a county court, that authority must be found in some legislative enactment, for that board, created by the Legislature, can not possess greater or other powers than those granted by the Legislature. The only statutory provisions cited by petitioner or discovered by us relating directly to the question are found in Articles 1 and 2, Chapter 16 of the Code. Section 1 of Article 2, in so far as material here, reads: "It shall be the duty of the state public health council, upon the recommendation of the county court of the county, to appoint in each county of this State a legally qualified physician, who shall be known as the county health officer. * * * Provided, however, that no municipality organized and existing without a special charter from the legislature and located within a county which maintains a full-time county health officer, shall appoint a part-time municipal health officer. * * *. Should the public health council fail to confirm the nomination of the person recommended * * * another nomination shall at once be made to the public health council by the nominating authority. * * *." The section also provides that the annual salary of a county health officer shall be not less than three hundred dollars and that the salary "shall be paid out of the treasury of the county."

Section 2 of Article 2 reads, in part: "The county court of any county * * * shall have the power and authority to provide for a full-time county * * * health officer and the expenses of his administration, and for that purpose

may levy a county * * * tax, * * *. Such health officer shall be a legally qualified physician, * * * shall devote his entire time to the duties of his office * * *. The county court of any county * * * which has not provided for a full-time health officer, may provide for a full-time public health nurse * * *."

Section 3 of Article 1, Chapter 16, provides that "The state board of health shall assume, carry on, and succeed to, all the duties, rights, powers, obligations and liabilities heretofore existing * * *." Provisions of the "statutory authority heretofore existing" do not specifically authorize the West Virginia State Board of Health to adopt a policy requiring county courts of the respective counties to provide for "full-time county health officers."

Section 5 of Article 1, Chapter 16, provides for the appointment of a state director of health and the following section provides that "The director of health shall be the executive officer of the state board of health. Under its supervision, he shall administer the provisions of this article, all other laws of this State relating to public health and within the authority of the department of health, * * *."

The statutory provisions quoted, we believe, definitely lack any grant of authority, express or necessarily implied, to the West Virginia State Board of Health, empowering it to determine whether a county court shall appoint a county health officer for full-time or part-time service. The board's duty and power in that respect appear to be limited to the appointment of the person nominated by the county court, assuming that the person nominated is qualified to hold the office. An examination of the statutory provisions will, we think, disclose a clear legislative intent to leave within the discretion of the county court the right to determine whether it shall employ a full-time or part-time county health officer. Section 2 says that the county court "shall have the power and authority to provide for a full-time" county health officer. We can not read this provision as saying that such "power and authority depend upon some order, policy or direction of the

West Virginia State Board of Health. Also, the county court is required to provide for the payment of the salary of such officer, by special levy if necessary. It would require clear language to vest in the board the right and power to direct a county court in the performance of such duties.

In Section 2 we find the further provision that the county court "which has not provided for a full-time health officer, may provide for a full-time public health nurse. * * *". This provision is deemed to clearly imply that a county court may exercise its discretion as to whether it employs a full-time county health officer. We find further provisions in the statute quoted above to the effect that the county health officer must be a "legally qualified physician" and that the official salary of such officer shall be "not less than three hundred dollars per annum; and such other amount as the county court may add for additional services * * *." Reading the several provisions together, we can not escape the conclusion that the determination of whether any particular county should employ a full-time or part-time county health officer is to be made by the county court of the county.

We are not overlooking the statutory provisions authorizing the West Virginia State Board of Health to promulgate and enforce "rules and regulations as it may deem necessary and advisable * * *". But that authority is expressly limited by the statute to the "administration of the power granted to" the board and, as shown herein, the board was not granted the power to require the County Court of Barbour County to employ a full-time county health officer. See State v. Bunner, 126 W. Va. 280, 27 S. E. 2d 823; Thomas v. State Board of Health, 72 W. Va. 776, 79 S. E. 725, 49 L. R. A. (N. S.) 150. Neither are we unmindful of the broad and extensive powers and duties properly and necessarily granted or imposed upon the West Virginia State Board of Health in matters relating to the public health. It is clear, however, that certain functions relating to the public health under the applicable statutory provisions are placed within the jurisdic-

tion of the county court. That court, under the Constitution, is required to administer the fiscal affairs of the county and would probably be in better position than any other governmental agency to determine the question of whether it should employ a full-time or part-time county health officer. These matters, of course, are for legislative determination, but they may indicate what the legislators had in mind when considering the act dealing with the appointment of county health officers.

It being the plain statutory duty of the West Virginia State Board of Health to approve and appoint the nominee of the county court to the office of county health officer of Barbour County for part-time service, mandamus will lie to compel the performance of that duty. *Hardin v. Foglesong,* 117 W. Va. 544, 186 S. E. 308; *Casey* v. *Board of Education,* 104 W. Va. 41, 138 S. E. 577; *Draper* v. *Anderson,* 102 W. Va. 633, 135 S. E. 837; 12 M. J., Mandamus, Sections 14, 15.

In view of the conclusions reached, the peremptory writ of mandamus is awarded as prayed for.

*Write awarded.*