STATE *ex rel.* ROBERT L. EMERY, JR., *et al.*

*v.*

DECATUR H. RODGERS, *Judge*

(No. 10565)

Submitted April 14, 1953. Decided July 7, 1953.

*Martin and Seibert* and *Clarence E. Martin, Jr.,* for relators.

*L. I. Rice,* for defendant.

LOVINS, JUDGE:

This original proceeding in mandamus was instituted by Robert L. Emery, Jr. and Emery's Motor Coach Lines, Incorporated, a corporation, for the purpose of obtaining a writ of mandamus requiring the Honorable Decatur H. Rodgers, Judge of the Circuit Court of Berkeley County, West Virginia, to obey a mandate of this Court, issued pursuant to the opinion filed in the suit of Emery's Motor Coach Lines, against Mellon National Bank and Trust Company, 136 W. Va. 735, 68 S. E. 2d 370; and to set aside an order made by the Circuit Court of Berkeley County quashing an execution issued for the recovery of costs incurred on the appeal in Emery's Motor Coach Lines v. Mellon National Bank, supra; and requiring the defendant to set aside and declare null and void an attempted sale of the assets of Emery's Motor Coach Lines, Inc., made on the 31st day of October, 1949.

On October 5, 1949, Emery's Motor Coach Lines, Incorporated, hereinafter designated as "Emery", was indebted to the Mellon National Bank and Trust Company, hereinafter designated as "Bank", in the amount of $85,300.00. One of the three trustees named in a deed of trust securing the payment of that indebtedness, attempted to sell the assets of Emery on October 31, 1949. The property was allegedly purchased by the Bank for the sum of $79,000.00. On October 31, 1949, the Bank sold the property to Potomac Coach Lines for the sum of $85,289.12 and $315.30 interest.

The case of Emery's Motor Coach Lines v. Mellon National Bank, supra, was heard by this Court on an appeal, and while the appeal was pending in this Court, the Bank commenced an action by a notice of motion for judgment against Emery, Robert L. Emery, Jr., and Geneiva Emery.

The Circuit Court of Berkeley County, on March 29, 1950, rendered a judgment for the sum of $9,436.38 in the notice of motion proceeding, the amount of such judgment evidently having been ascertained as the difference between the amount bid by the Bank at the alleged sale on October 31, 1949, and the total amount of indebtedness due from Emery to the Bank.

This Court, on the appeal, held that the sale made by the trustee was invalid for two reasons: (a) Failure to give sufficient and reasonable notice of sale, and, (b) for the further reason that only one of the three trustees was present at the sale. For a statement of additional facts, see the opinion in *Emery's Motor Coach Lines* v. *Mellon National Bank and Trust Co., supra.* This Court's mandate was issued in accordance with the opinion on the 18th day of December, 1951.

Upon remand, the petitioners in this proceeding caused an execution to be issued by the Clerk of the Circuit Court of Berkeley County, seeking a recovery of the costs assessed in this Court on that appeal. Defendants moved to quash the execution. The Circuit Court of Berkeley County has indicated that same will be quashed, but no formal order quashing the same has been entered.

Emery and Robert L. Emery, Jr., filed their second amended bill of complaint on the 21st day of May, 1952, alleging, among other things, that the property illegally sold on the 31st day of October, 1949, had been resold by the Bank and could not be returned to the trustees named in the deed of trust; that the Bank had obtained a judgment for $9,436.38, based on the alleged deficiency as above stated.

The second amended bill of complaint prayed that Emery, Robert L. Emery, Jr., and Geneiva Emery have a decretal judgment against the Bank for damages by reason of the alleged void sale, as well as damages accruing by reason of loss of business, assets and property

theretofore belonging to Emery; that the judgment taken in the notice of motion action be set aside and vacated.

The Bank filed its answer to the second amended bill in which it was admitted that the property had been resold; that many items of property covered by the deed of trust had been sequestered by Robert L. Emery, Jr.; that he refused to deliver that property to the trustees. The answer admits the rendition of the judgment against Emery's Motor Coach Lines, Incorporated, Robert L. Emery, Jr. and Geneiva C. Emery.

The Bank admits that the property had been resold and could not be returned to the trustees. The answer of the Bank to the second amended bill alleges that the government of the United States and the State of West Virginia have numerous tax liens against Emery and that such liens cannot be satisfied on account of the insolvency of Emery and Robert L. Emery, Jr. The answer denies that the property of Emery disposed of at the alleged sale, was valued at $130,000.00. On the contrary, the Bank, in its answer to the second amended bill, avers the actual value of the property of Emery did not exceed $75,000.00; that many items claimed by Emery were "junk". In summation, the Bank alleges that Emery and Robert L. Emery, Jr. suffered no injury because of the void sale, the property illegally converted by means of such sale, being insufficient to discharge the debt owed by Emery to the Bank; and that the equity of redemption was of no value.

The Circuit Court of Berkeley County entered a decree on the 16th day of December, 1952, setting aside the sale made on the 31st day of October, 1949, and, thereafter, commenced a hearing to determine the value of the property converted. On the following day, the Circuit Court of Berkeley County rescinded its former order and at the conclusion of the hearing upon the question of value, found that the property converted by the Bank had a value of $75,000.00; that such amount is substantially less than the debt owed to the Bank by Emery.

Following that finding, the Court held that the relators in the instant proceeding have no right to maintain the chancery suit and, accordingly, dismissed it.

The following questions are presented in this proceeding: (1) Did the Circuit Court of Berkeley County carry out the mandate of this Court issued in accordance with the opinion rendered in the case of *Emery's Motor Coach Lines, Inc.* v. *Mellon National Bank and Trust Co., supra.?* (2) Should the Circuit Court of Berkeley County be required to formally set aside such sale?

Before discussing the merits, we deem it necessary to advert to the fact that the record in the instant proceeding contains several exhibits which were filed by the relators and the defendant.

Though anciently and at common law, a writ of mandamus was regarded as a prerogative writ, that view no longer obtains in this jurisdiction. It is now treated as a civil action at law. *Fisher* v. *City of Charleston,* 17 W. Va. 595, 604, et seq.; *State ex rel. Matheny* v. *County Court,* 47 W. Va. 672, 675, 35 S. E. 959; *Newman* v. *Bailey,* 124 W. Va. 705, 708, 22 S. E. 2d 280.

In the absence of statutory authority, exhibits attached to or filed with a pleading in a law action, are not a part of the pleading. *Pingley* v. *Pingley,* 84 W. Va. 433, 100 S. E. 216; *Vorholt* v. *Vorholt,* 111 W. Va. 196, 160 S. E. 916; *State ex rel. Medley* v. *Orel J. Skeen,* decided June 9, 1953; *Cawley* v. *Board of Trustees,* decided July 7th. The last two cases mentioned are not reported. We therefore cannot properly consider the exhibits, but rely upon the allegations of the petition and the answer thereto.

Mandamus is an appropriate remedy to compel the Judge of a Circuit Court or other Court of record to comply with a mandate of this Court. *Koonce* v. *Doolittle,* 48 W. Va. 592, 37 S. E. 644; *King* v. *Mason, Judge,* 60 W. Va. 607, 611, 56 S. E. 377; *French* v. *Bennett,* 69 W. Va. 653, 72 S. E. 746. "It is proper for this court, on application

for a writ of mandamus, to construe its own mandate in connection with its opinion; and if it finds that the circuit court has erred, or acted beyond its province, in construing the mandate and opinion, to correct the mistake now and here, and to do so by writ of mandamus." *Boswell* v. *Haymond, Judge,* 84 W. Va. 687, 100 S. E. 493. A decision of this Court on appeal may not be limited or restricted in any manner whatsoever by a trial court and this Court, by mandamus, may compel the entry of the decision made on appeal or writ of error, as a decision of the court from which the appeal or writ of error has been prosecuted. *Baier* v. *Alexander,* 119 W. Va. 716, 196 S. E. 17.

An examination of the opinion of this Court in the case of *Emery's Motor Coach Lines, Inc.* v. *Mellon National Bank and Trust Co., supra,* and the record in this case indicates clearly that a proper interpretation of the mandate of this Court, issued pursuant to that opinion, was an effective direction to set aside the illegal sale made by one of the trustees on the 31st day of October, 1949. The Circuit Court of Berkeley County had no discretion to allow the alleged sale to remain in effect. This Court finally and effectively held that the pretended sale was invalid, and that it "should be set aside".

According to the record in this proceeding, the Circuit Court of Berkeley County did follow that course, but later rescinded the order carrying into effect the mandate of this Court. This cannot be permitted. To enunciate a different rule would render the constitutional and statutory power of this Court of no benefit to a litigant who prosecutes a writ of error or appeal. Such principle would permit a circuituous and endless process, and would destroy the finality of the decisions of this Court. A trial court has no right to disregard a mandate of this Court. It is proper to say at this time that the respondent evidently did not intend to disregard the mandate of this Court, but the effect of his official action in the proceed-

ings subsequent to the remand amounted to a nullification of this Court's mandate.

The Circuit Court of Berkeley County was bound by the decree of this Court and must carry it into execution. See *Mason* v. *Bridge Company,* 20 W. Va. 223, 230; *Johnson* v. *Gould,* 62 W. Va. 599, 59 S. E. 611.

The litigation concerning the sale of the property covered by the deed of trust to secure the payment of the indebtedness of Emery to the Bank shows undue haste and premature action, which has caused confusion and considerable difficulty in resolving the issues between the parties. It is virtually a Gordian knot.

After the judgment of this Court became final, the Circuit Court of Berkeley County should have proceeded (1) to set aside the illegal sale, (2) to ascertain the value of Emery's property converted as a result of the illegal sale on October 31, 1949, (3) to ascertain the amount of cost incurred in this Court which Emery is entitled to recover, and, (4) to ascertain the damages to which Emery may be entitled, if any, resulting from conversion of the property. Having ascertained the amounts of credits to which Emery is entitled, the amount of the debt to the Bank, together with proper and legal interest, should have been ascertained; and then, a balance should have been struck between Emery and the Bank. If the Bank has not been paid its debt, Emery is not entitled to collect any money. If the Bank has been paid the indebtedness due Emery, including principal and interest, any balance due Emery, remaining unpaid, should have been decreed to Emery. Or, if the Bank has not been paid, any balance due the Bank should have been decreed to the Bank.

The deficiency judgment rendered in the notice of motion for judgment proceeding, being based on the difference between the price bid at the illegal sale and the amount of indebtedness due the Bank was premature.

The rendition of the deficiency judgment should have

been held in abeyance until the appeal pending in this Court was finally determined, and balance struck between the Bank and Emery. But the judgment having been rendered and no writ of error prosecuted, we think that this Court in this proceeding cannot interfere with that judgment. It is suggested however, but not decided, that all matters in controversy between Emery, Robert L. Emery, Jr., and Geneiva Emery may be consolidated in the chancery cause pending in the Circuit Court of Berkeley County, and proper decrees and decretal judgments rendered in the chancery cause determining all matters in difference between them.

We are prompted to make the above suggestion upon consideration of a well established principle set forth as follows: "When equity can do complete justice between the parties, it will never turn them out of court to pursue their remedy at law; but a court of equity having complete jurisdiction of the parties and the subject matter, should make such decree as will settle the rights of the parties, do complete justice between them and close the controversy." *West Va. O. & O. Co.* v. *Vinal,* 14 W. Va. 637; *Custer* v. *Hall,* 71 W. Va. 119, 76 S. E. 183; *Smith* v. *White,* 71 W. Va. 639, 642, 78 S. E. 378; *Downes* v. *Lumber Co.,* 99 W. Va. 267, 128 S. E. 385. Though equity has jurisdiction upon one ground, a court of equity should give complete relief even "in matters as to which, considered alone, it would not have jurisdiction." *Bell* v. *Gas Co.,* 116 W. Va. 280, 181 S. E. 609. The foregoing rule is qualified to the effect that facts must be alleged in the pleadings and established by proof, i. e., rightfully invoked before the rule is applicable. *Perkins* v. *Hall,* 123 W. Va. 707, 720, 17 S. E. 2d 795.

We are well aware of the rule of long standing in this jurisdiction that the discretion of the Circuit Court of Berkeley County is not controllable by mandamus. *State* v. *County Court,* 33 W. Va. 589, 11 S. E. 72; *Buxton* v. *O'Brien,* 97 W. Va. 343, 125 S. E. 154; *State* v. *Board of Ed.,* 104 W. Va. 41, 138 S. E. 577; *Gas Co.* v. *DeBerry,*

130 W. Va. 418, 43 S. E. 2d 408; *Robertson* v. *Warth*, 132 W. Va. 398, 402, 52 S. E. 2d 237.

We are of opinion in the unusual circumstances of this case that we do not interfere with such discretion, that the duty of the Circuit Court of Berkeley County was clear and plain, and called for no exercise of discretion.

We are also aware of the holding of this Court in *Robinson* v. *Robinson*, 112 W. Va. 39, 163 S. E. 633, which is to the effect that a party having no interest may not complain of a sale under a deed of trust where the property does not sell for enough to discharge all liens against it and leave a surplus for distribution to the trust debtor. This case is to be distinguished from the Robinson case, on the grounds that there has been no legal sale of the property of Emery. On the contrary, a conversion of trust property, under the guise of a sale, took place, and the property cannot now be revested in the trustees. This situation results from haste and premature action taken on behalf of the Bank.

It is well established in this jurisdiction that a relator in a proceeding in mandamus must show a clear legal right to the relief he seeks before the writ will be granted. *State* v. *Amick*, 137 W. Va. 842, 74 S. E. 2d 587.

We think the relators in this proceeding have shown a clear legal right to a writ of mandamus. We therefore award a writ of mandamus, requiring the Judge of the Circuit Court of Berkeley County, or said Court, to reinstate the chancery cause of Emery's Motor Coach Lines, Incorporated, et al. v. Mellon National Bank and Trust Company of Pittsburgh, et al., and to restore that suit to the chancery docket of that court; to set aside and hold for naught the illegal sale made by a trustee on October 31, 1949; to hold in abeyance his ruling on the execution sued out by the relators in this proceeding until the amounts, if any, due Emery or the Bank, are ascertained.

The award of a writ of mandamus herein, necessarily

calls for disregard of the hearing had, and decree of the trial court made, after the remand.

Accordingly, a writ of mandamus is awarded in conformity with this opinion.

*Writ awarded.*